[Nos. H003196, H003198. Sixth Dist. May 23, 1988.]

THE PEOPLE, Plaintiff and Respondent, v.
AMWEST SURETY INSURANCE COMPANY, Defendant and
Appellant.

**[Opinion certified for partial publication.\*]**

<hr />

\*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of part II.

**COUNSEL**

William A. Wright for Defendant and Appellant.

Donald L. Clark, County Counsel, and Susan Konecny Branch, Deputy County Counsel, for Plaintiff and Respondent.

**OPINION**

**ZECHER, J.\*—**

I.

Amwest Surety Insurance Company, a corporate surety which provided two $5,000 bail bonds for a criminal defendant named Romosky, appeals from the last in a series of orders which effected the forfeiture of both bonds and which required Amwest Surety to pay $10,000 to the People of the State of California. Amwest Surety argues that before the forfeitures were declared it had been released from all obligations under each bond. We agree. Therefore, we reverse with directions to vacate the forfeitures and summary judgment thereon and to exonerate the bonds.

Romosky had been arraigned for probation violations in two matters. The hearings were set for May 29, 1986. In each matter, Amwest Surety provided a $5,000 bail bond for Romosky. He was released from custody pending the hearings. On May 29, he did not appear. The bailiff reported Romosky had telephoned to say he was in another county, his car battery had been stolen, he had no way to get to court, and he needed a continuance for "a week or so."

The court said: "[S]ince the Defendant fails to appear, the Court is revoking probation as to each instance and ordering that a warrant will issue for the arrest of the Defendant in each instance. To his credit he called the Court. I have to give him that. In that respect, I will order a stay on the warrant." The court fixed bail at $5,000 in each case and granted "a one-week stay to June 5th . . . ."

The probation officer pointed out that $5,000 bail had previously been set and posted in each matter. The court responded: "Why don't I do this: make an order in addition to bail being revoked, forfeited in each case, Court fixes bail, ten thousand each docket, stays the execution of the warrants to next Thursday at 9:00 o'clock. That would be June 5th."

The minutes of the May 29 hearing note "bail forfeited" in each matter.

Romosky appeared on June 5. The record contains no reference to bail proceedings on that date, however, the matters were put over to June 26. On June 26, Romosky did not appear again, whereupon the court ordered a bench warrant, set new bail, and continued the matters to July 10.

---

\* Assigned by the Chairperson of the Judicial Council.

On July 10, Romosky was again absent. The court ordered forfeiture of the preexisting $5,000 bail in each case and, for the first time in either matter, the clerk sent notice of forfeiture to Amwest Surety. It is this July 10, 1986, forfeiture order that led to the proceedings under review.

■ The critical question is whether the trial court declared Romosky's bails forfeited on May 29. If it did, then because the clerk did not mail notice of forfeiture within 30 days thereafter, Amwest Surety would have been "released from all obligations" under both bonds (Pen. Code, § 1305, subd. (a)). Consequently, it would follow that no forfeiture of those bonds could have been ordered on July 10. (Cf. *People* v. *Wilshire Ins. Co.* (1975) 46 Cal.App.3d 216, 220-221 [119 Cal.Rptr. 917].) If bail was not forfeited on May 29, then, arguably, the trial court retained power to order forfeitures on July 10. (Pen. Code, § 1305, subd. (b); cf. *People* v. *United Bonding Ins. Co.* (1971) 5 Cal.3d 898, 907 [98 Cal.Rptr. 57, 489 P.2d 1385].)

In January 1987, Amwest Surety moved to vacate the July 10 forfeitures and to exonerate the bonds. By the time the motions came to hearing (before a different judge) on February 19, 1987, Amwest Surety argued that the court had forfeited the bails on May 29. The court concluded, from the transcript of the May 29 proceedings, that "[w]hat the judge actually did was, if there was a forfeiture it was stayed. . . . I am kind of reading the thing on a common sense type basis. And if I was to read this in a sense of common sense, the implication would be he stayed the whole thing, especially in view of what he had said beforehand. [¶] I will make the finding that on May 29th, the judge did state that, bail being revoked and forfeited, but there was a stay on that until June 5th." The court then denied the motions.

A few days later, the People obtained a summary judgment for the forfeited bails. (Pen. Code, § 1306, subd. (a).) Amwest Surety moved to set aside the summary judgment, rearguing its position that bail had been forfeited on May 29. The new motion was summarily denied. These appeals followed.

We agree with the People that at the May 29 hearing the trial court could have continued the matter without declaring a bail forfeiture. (Pen. Code, § 1305, subd. (b).) But the court chose not to do that. The permanent minutes unequivocally stated that bail was forfeited in each matter, and the court's statement for the record is nearly as clear: "[B]ail [is] . . . forfeited in each case . . . ." The court then set new bail at $10,000 in each case. There is no indication in the record that the court meant anything other than what it said or that it intended (assuming it had the power) to postpone the declared forfeiture to some later date. We can understand the

second judge's desire to reach a conclusion consistent with his perception of common sense, but the record does not support the conclusion he reached. Instead the record compels, as a matter of law, the conclusion that on May 26 the trial court declared Romosky's bails forfeited.

## II.*

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

## III.

The order denying Amwest Surety Insurance Company's motion to set aside the summary judgment, the summary judgment, and the orders denying Amwest Surety Insurance Company's motions to vacate the bail forfeitures are reversed, with directions that both bail bonds be exonerated. Appellant shall recover its costs on appeal.

Agliano, P. J., and Brauer, J., concurred.

---

* See footnote, *ante,* page 619.