[Civ. No. 30205. First Dist., Div. Four. Nov. 21, 1972.]

THE PEOPLE, Plaintiff and Respondent, v.
GEORGE H. EARHART, Defendant and Appellant.

COUNSEL

Michael J. Hill and Dunn, Harland, Gromala & Hill for Defendant and Appellant.

Evelle J. Younger, Attorney General, Herbert L. Ashby and Edward A. Hinz, Jr., Chief Assistant Attorneys General, William E. James, Assistant Attorney General, Edward P. O'Brien, Joyce F. Nedde, Gloria F. DeHart and William D. Stein, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**DEVINE, P. J.**—This appeal has to do with the construction of a statute which deals with the forfeiture of bail, namely, Penal Code section 1305, subdivision (a). The appeal is from an order denying a motion to set aside forfeiture of bail.

On August 6, 1969, a bail bond in the amount of $2,500 was filed in the Superior Court of the State of California in and for the County of Humboldt. The named surety was National Automobile and Casualty Insurance Co., a California corporation. Its name and address are set forth on the bond. The name and address of the bail agency, as stamped on the bond, are Thrifty Bail Bonds, 901 Fourth Street, Eureka, California. The bail was for defendant Kathryn A. McGraw. On November 17, 1969, defendant failed to appear, an order forfeiting bail was made, and a bench warrant was issued. The warrant recited the facts of non-appearance and of forfeiture of bail. This document was mailed to National Automobile and Casualty Insurance Co., 639 South Spring Street, Los Angeles, California. Notice of forfeiture was not mailed to George H. Earhart, appellant, the bail agent and owner of Thrifty Bail Bonds, whose address is 901 Fourth Street, Eureka, California. Mr. Earhart was not informed of the forfeiture or of the defendant's failure to appear until July 9, 1970. On July 9, 1970, the court recited in a minute order that 180 days having elapsed since the forfeiture on November 17, 1969, and service by mail on the surety having been made on that date, and said forfeiture not having been set aside, summary judgment was entered against the surety in the amount of $2,500 pursuant to section 1306 of the Penal Code. A motion to set aside the forfeiture was heard on July 31, 1970, and was denied on September 21, 1970. Notice of appeal was duly filed.

Two questions are presented on appeal: the first, whether the mailing of notice to the surety without mailing of a copy of the notice to the bail agent caused the release of the surety from obligations under the bond; and the second, whether motion for relief from the forfeiture must have been made by the surety within 180 days after the entry of forfeiture in the minutes.

### Release of the Surety

■ The relevant part of the statute on this subject reads as follows: "If, without sufficient excuse, the defendant neglects to appear for arraignment or for trial or judgment, or upon any other occasion when his presence in court is lawfully required, or to surrender himself in execution of the judgment, the court must direct the fact to be entered upon its minutes and the undertaking of bail, or the money deposited instead of bail, as the case may be, must thereupon be declared forfeited, and, if the amount of the forfeiture exceeds fifty dollars ($50), the clerk of the court shall, promptly upon entering the fact of such failure to appear in

the minutes, mail notice of the forfeiture to the surety on the bond or depositor of money instead of a bond, and shall execute an affidavit of such mailing and place it in the court's file in the case. If the surety is an authorized corporate surety insurer, and if the bond has plainly printed or stamped thereon the address of its principal office in California, such notice shall be mailed to such surety at such address, and mailing to the bail agent or solicitor who posted the bond shall not constitute compliance with this section; the clerk shall at the same time send a copy of such notice to the bail agent or solicitor who posted the bond. If the clerk fails to mail such notice within 30 days after such entry, the surety or depositor shall be released from all obligations under the bond." (Stats. 1969, ch. 1259, § 6, pp. 2462-2463.) The statute imposes precise duties. The clerk *shall* mail the notice to the surety and a copy to the bail agent. If he does not mail "such notice" within the prescribed time, the surety is released. The Attorney General argues that release is effected only if there is failure to mail the notice to the surety. The reasoning is that the statute provides mailing of the notice to the bail agent does not constitute notice to the surety; and that the statute requires only that a *copy* of the notice be sent to the bail agent. Thus, it is argued, the substance of the requirement is the notice to the surety.

We do not agree. The statute clearly says that if the clerk fails to mail *such notice* within 30 days after the entry of forfeiture the surety shall be released. The words "such notice" obviously refer to the notice described in the preceding sentence, namely, notice to the surety *and* to the bail agent. The fact that the sentence also says that it is not sufficient to mail notice to the bail agent by no means is equivalent to a statement that notice to the bail agent is not required. Indeed, the sentence gives rise to an inference that the Legislature realized that the clerk might well believe, were it not for this provision, that the essential thing to do is to notify the person who had direct contact with the accused and with the court. We do not find from the words of the statute a significant difference between the mailing of the original of the notice to the surety and a *copy* to the bail agent. The copy would give just as effective notice as would the original. The statute simply provides that the clerk need not prepare two original notices. If this were not the meaning, what could possibly be the significance of the mandate that the clerk mail notice to the bail agent? The provision has consequence only if the failure to carry out the mandate brings about the result declared in the very next sentence, that is, release of the surety.

A second reason for our construction of the statute is that one of the pur-

poses of the mailing of the notice is to enable the bail agent to pursue the nonappearing defendant, to arrest him and to bring him before the court. In *People* v. *Rolley,* 223 Cal.App.2d 639 [35 Cal.Rptr. 803], it was pointed out that statutes providing for relief from forfeiture are intended to provide the bail with an incentive to secure the arrest of the defaulting defendant. The provision for mailing notice fulfills a like purpose. The bail agent is the person who knows, or ought to know, something of the whereabouts and the history and the relationships of his client. As between him and the surety he is the one who has the means and the incentive of pursuing the absent defendant. The surety has simply put up the bond, usually with little or no information about the defendant and with security in the form of collateral deposited by the bail agent. In the case at hand, the bail agent is situated in Eureka, where the defendant was to stand trial. The surety company is in Los Angeles, about 700 miles away.

A third reason is that the law traditionally disfavors forfeitures and this disfavor extends to forfeiture of bail. (*People* v. *United Bonding Ins. Co.,* 5 Cal.3d 898, 906 [98 Cal.Rptr. 57, 489 P.2d 1385].)

*Timeliness of Motion*

Section 1305, subdivision (a) further provides: "But if at any time within 180 days after such entry in the minutes or, if mailing of notice of forfeiture is required, within 180 days after mailing such notice of forfeiture, the defendant and his bail appear, and satisfactorily excuse the defendant's neglect or show to the satisfaction of the court that the absence of the defendant was not with the connivance of the bail, the court shall direct the forfeiture of the undertaking or the deposit to be discharged upon such terms as may be just." It is argued by respondent that because the bail did not appear with defendant and satisfactorily excuse the defendant's absence, the forfeiture cannot be set aside. But the provision for relief within the 180 days becomes applicable only if notice of forfeiture has been mailed. This notice, we have no doubt, means the notice required by the statute, that is, notice to both surety and bail agent. Although the surety upon receiving notice could inform the bail agent, the statute imposes no duty upon the surety to do so. It places the duty of mailing notice to the bail agent squarely upon the clerk of the court. Thirty days after the entry of forfeiture, the clerk having failed to mail the required notice, the surety automatically was released from its obligations. The court had no discretion thereafter in the matter of granting or denying relief from the forfeiture.

The order denying relief from forfeiture is reversed, and the trial court is directed to vacate the forfeiture and to exonerate the bond.

Rattigan, J., and Bray, J.,* concurred.

A petition for a rehearing was denied December 21, 1972, and the opinion was modified to read as printed above.

---

*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.