[Civ. No. 2040. Fifth Dist. Mar. 18, 1975.]

THE PEOPLE, Plaintiff and Respondent, v.
WILSHIRE INSURANCE COMPANY, Defendant and Appellant.

**COUNSEL**

Ralph Nunez and Hugh Snyder for Defendant and Appellant.

Evelle J. Younger, Attorney General, Edward A. Hinz, Jr. and Jack R. Winkler, Chief Assistant Attorneys General, William E. James and Arnold O. Overoye, Assistant Attorneys General, Marjory Winston

Parker, Charles J. James and Eddie T. Keller, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**BROWN (G. A.), P. J.**—This is an appeal from a summary judgment (pursuant to Pen. Code, § 1306) for the sum of $6,250 in the Superior Court of Fresno County, civil action No. 155489, against appellant, Wilshire Insurance Company (hereinafter "Wilshire").

 Wilshire posted its surety bond in the amount of $6,250 to guarantee the ordered appearances of the defendant in criminal action No. 26081, entitled People v. Troy Kenneth Carson, then pending in the Superior Court of Fresno County.

Carson failed to appear for trial on January 4, 1972, whereupon the court ordered bail forfeited and issued a bench warrant. On January 5, 1972, pursuant to the provisions of Penal Code section 1305 (attached as Appendix 1), a notice of the forfeiture was sent to Wilshire and its agent.

On July 5, 1972, 180 days having expired and Carson and Wilshire not having appeared and moved to discharge the forfeiture, the necessary documents to obtain a summary judgment were forwarded to the county counsel and the summary judgment from which this appeal was taken was entered against Wilshire in civil action No. 155489 on August 30, 1972.

On July 10, 1972, in criminal action No. 26081, which was five days after the expiration of the 180-day period referred to in Penal Code section 1305, Wilshire filed a notice of motion to vacate the forfeiture and to exonerate the bond. The court denied the motion on August 24, 1972. No appeal has been taken from that order.

The substantive basis of the appeal is founded on facts which antedate the above chronology. It appears that on November 29, 1971, defendant Carson in criminal action No. 26081 did not appear for arraignment on the criminal charge, whereupon the court ordered forfeiture of the bond and issued a bench warrant. At 9 a.m. on November 30, 1971, Carson appeared without his bail and satisfactorily explained his absence the day before. The order forfeiting bond was set aside and the bail

reinstated at the request of the defendant without notice to the district attorney or Wilshire.

Wilshire was not given notice of the November 29 forfeiture order nor of the reinstatement of the bail on November 30.

In sum, appellant contends that the failure of the court to mail the notice of the November 29 forfeiture to Wilshire as required by Penal Code section 1305, subdivision (a), and the court's failure to give notice to Wilshire prior to discharging the forfeiture and reinstating the bond on November 30 dictate that the surety be released from all obligations under the bond.

The clause in the bond pursuant to which the summary judgment was entered states: "If the forfeiture of this bond be ordered by the court, judgment may be summarily made and entered forthwith against the said WILSHIRE INSURANCE COMPANY, a California corporation, for the amount of its undertaking herein, as provided by Sections 1305 and 1306 of the California Penal Code."

Though a summary judgment against a surety is a consent judgment which is normally not appealable (*People* v. *Pugh* (1970) 9 Cal.App.3d 241, 243, fn. 1 [88 Cal.Rptr. 110]; *People* v. *National Auto. & Cas. Co.* (1966) 242 Cal.App.2d 150, 152, fn. 2 [51 Cal.Rptr. 212]), it is implicit in the consent phrase above quoted from the bond that the judgment be entered pursuant to the terms of the consent, which by its terms requires compliance with the jurisdictional prescriptions contained in Penal Code sections 1305 and 1306. If the judgment is not entered in compliance with the consent given, the judgment is appealable. (*People* v. *Deletorre* (1932) 124 Cal.App. 559, 561 [12 P.2d 1068]; *People* v. *Aymar* (1929) 98 Cal.App. 1, 5 [276 P. 595]; see also *Hawley* v. *Gray Bros. etc. Co.* (1900) 127 Cal. 560, 562 [60 P. 437]; *Harris* v. *Spinali Auto Sales, Inc.* (1962) 202 Cal.App.2d 215, 217-218 [20 Cal.Rptr. 586]; *People* ex rel. *Dept. Pub. Wks.* v. *Investors Diversified Services, Inc.* (1968) 262 Cal.App.2d 367, 370 [68 Cal.Rptr. 663]; *Duerr* v. *Sloan* (1920) 50 Cal.App. 512, 516 [195 P. 475].) Thus, it is essential to first determine the substantive issue of compliance with Penal Code section 1305 in order to resolve the question of the appealability of the consent judgment. The People apparently concede the correctness of this position as they have not raised nor argued appealability in their brief, at the oral hearing, nor did they file any opposition to appellant's petition for rehearing which was made upon that sole ground, this court in its initial nonpublished

opinion and judgment having dismissed the appeal as being from a nonappealable judgment.

 Turning to the merits, we first concern ourselves with the statutory procedure set forth in Penal Code section 1305 and the interpretation thereof. It has been repeatedly held that since the law disfavors forfeitures and statutes imposing them, such as this one, the statute must be strictly construed in favor of the surety to avoid the harsh results of a forfeiture. It is also to be construed in light of the principle that "where a statute requires a court to exercise its jurisdiction in a particular manner, follow a particular procedure, or subject to certain limitations, an act beyond those limits is in excess of its jurisdiction." (*Burtnett* v. *King* (1949) 33 Cal.2d 805, 807 [205 P.2d 657, 12 A.L.R.2d 333.]; see also *People* v. *United Bonding Ins. Co.* (1971) 5 Cal.3d 898, 904-906 [98 Cal.Rptr. 57, 489 P.2d 1385]; *People* v. *Black* (1961) 55 Cal.2d 275, 277 [10 Cal.Rptr. 459, 358 P.2d 915]; *People* v. *North Beach Bonding Co.* (1974) 36 Cal.App.3d 663, 673-674 [111 Cal.Rptr. 757]; *People* v. *Surety Ins. Co.* (1973) 30 Cal.App.3d 75, 79 [106 Cal.Rptr. 220].)

The statute (Pen. Code, § 1305) explicitly requires the clerk to mail notice of any declared forfeiture to the principal office of the corporate surety and to the bail agent who posted the bond. It then states: "If the clerk fails to mail such notice within 30 days after such entry, the surety or depositor shall be released from all obligations under the bond."

The evidence herein is undisputed that neither the surety nor the agent was given notice of the November 29 forfeiture nor of the proceedings leading up to the November 30 order setting aside the forfeiture and reinstating the bail.

Following the precepts of the strict construction required by firmly settled principles (see cases *supra*) in this area; it seems the court is probably precluded from inquiring into any prejudice the surety may have suffered as a result of the failure to precisely follow the statutory notice prescriptions.[1]

---

[1]There are, of course, conceivable ways in which Wilshire could have suffered prejudice. We may speculate, for example, upon the right of Wilshire to reevaluate its position in light of the defendant's failure to appear. Wilshire might have decided to be relieved of the risk and surrender the defendant in the criminal case to custody, which it had a right to do. (Pen. Code, § 1300.) The surety would have been alerted to Carson's tendency not to appear and might have taken steps to assure his appearance at the trial, his failure to appear thereat being the ultimate cause of the forfeiture herein. The real

Thus, in *County of Los Angeles* v. *Resolute Ins. Co.* (1972) 22 Cal.App.3d 961 [99 Cal.Rptr. 743], the required notice was given by the clerk to the bail agent but not to the principal office of the surety. Penal Code section 1305 requires notice to both. An order declaring a forfeiture and default judgment was entered against the surety pursuant to Penal Code section 1306. The appellate court held the summary judgment void because it was founded upon a bond upon which the surety had been released as a matter of law by reason of the court's failure to have given the precise notice required by section 1305. Likewise, in *People* v. *Earhart* (1972) 28 Cal.App.3d 840 [104 Cal.Rptr. 322], the required notice under Penal Code section 1305 was mailed to the corporate surety but not to the bail agent. The court held that the failure to follow the precise terms of the statute was fatal to a forfeiture of the bond.

Following these principles, we perceive no escape from the conclusion that the failure to give the notice of the forfeiture invalidated the bond and rendered the judgment based thereon void.

We mention in passing another basis upon which the judgment may be subject to reversal though, in view of the reversal on other grounds, it is unnecessary to finally rule upon the issue. A cogent argument can be made for the proposition that the trial court at the times mentioned did not have the authority to reinstate the bail *upon its own motion* after discharge of the forfeiture. The second paragraph of Penal Code section 1305, subdivision (a) (see Appendix 1), outlines the requisite procedure for discharge of forfeiture and reinstatement of bail; section 1305, subdivision (a), requires a notice of motion to the prosecution followed by a hearing on the motion to discharge the forfeiture. The language as it existed at that time would indicate that the sole statutory procedure for discharge of the forfeiture was upon motion made by the surety. In *People* v. *Hadley* (1967) 257 Cal.App.2d Supp. 871, 872-873, 875-878 [64 Cal.Rptr. 777], it was expressly held that an order of the trial court discharging the forfeiture and reinstating bail is erroneous where the proceeding to set aside the forfeiture was conducted as an ex parte matter and without notice to the People. (See Witkin, Cal. Criminal Procedure (1973 Supp.) Proceedings Before Trial, § 164A.) The decision in *Hadley* is founded upon principles more fundamental than the statutory requirement of notice to the prosecution. The court emphasized

point is that by the failure to receive notice the surety was deprived of the opportunity to consider all factors potentially producing an increased risk, which opportunity the statute apparently intended to assure.

that the proceeding is adversary in nature, and in an adversary proceeding where an order may affect the rights of an adverse party, notice must be given to protect the adverse party's right to be heard on the issue as a matter of due process of law. (See *People* v. *Hadley, supra,* at p. 876; *Beyerbach* v. *Juno Oil Co.* (1954) 42 Cal.2d 11, 28 [265 P.2d 1]; *McDonald* v. *Severy* (1936) 6 Cal.2d 629, 631 [59 P.2d 98].)

The judgment is reversed.

Gargano, J., and Franson, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied May 14, 1975.

## APPENDIX 1

The following is a copy of Penal Code section 1305 as it was worded during the pertinent periods involved in this matter. The events herein occurred between November 1971 and August 1972, inclusive. The 1972 amendment to section 1305 became effective on March 7, 1973, and would not apply to the proceedings in the instant case. (*Review of Selected 1972 Legislation* (1973) 4 Pacific L.J. 212; historical note under Pen. Code. § 1305.)

"(a) If, without sufficient excuse, the defendant neglects to appear for arraignment or for trial or judgment, or upon any other occasion when his presence in court is lawfully required, or to surrender himself in execution of the judgment, the court must direct the

fact to be entered upon its minutes and the undertaking of bail, or the money deposited instead of bail, as the case may be, must thereupon be declared forfeited, and, if the amount of the forfeiture exceeds fifty dollars ($50), the clerk of the court shall, promptly upon entering the fact of such failure to appear in the minutes, mail notice of the forfeiture to the surety on the bond or depositor of money instead of a bond, and shall execute an affidavit of such mailing and place it in the court's file in the case. If the surety is an authorized corporate surety insurer, and if the bond has plainly printed or stamped thereon the address of its principal office in California, such notice shall be mailed to such surety at such address, and mailing to the bail agent or solicitor who posted the bond shall not constitute compliance with this section; the clerk shall at the same time send a copy of such notice to the bail agent or solicitor who posted the bond. *If the clerk fails to mail such notice within 30 days after such entry, the surety or depositor shall be released from all obligations under the bond. But if at any time within 180 days after such entry in the minutes or, if mailing of notice of forfeiture is required, within 180 days after mailing such notice of forfeiture, the defendant and his bail appear, and satisfactorily excuse the defendant's neglect or show to the satisfaction of the court that the absence of the defendant was not with the connivance of the bail, the court shall direct the forfeiture of the undertaking or the deposit to be discharged upon such terms as may be just.* If within 180 days after such entry in the minutes or mailing as the case may be, it is made to appear to the satisfaction of the court that the defendant is dead or is otherwise permanently unable to appear in court due to illness, insanity, or detention by civil or military authorities, and that the absence of the defendant was not with the connivance of the bail, the court shall direct the forfeiture of the undertaking or the deposit to be discharged upon such terms as may be just. If within 180 days after such entry in the minutes or mailing as the case may be, it is made to appear to the satisfaction of the court that the defendant is temporarily disabled by reason of illness, insanity, or detention by civil or military authorities and is therefore unable to appear in court at any time during the remainder of such 180 days, and that the absence of the defendant has not been with the connivance of the bail, then the period of time during which the disability continues shall not be deemed part of such 180 days. Upon a finding by the court that a reasonable period of time is necessary in order to return the defendant to court upon the termination of the disability, then such period of time, as fixed by the court, shall not be deemed part of such 180 days. If at any time within 180 days after such entry in the minutes or mailing as the case may be, the bail should surrender the defendant to the court or to custody, the court shall direct the forfeiture of the undertaking or the deposit to be discharged upon such terms as may be just.

"*No order discharging the forfeiture of the undertaking or deposit shall be made without opportunity for hearing and the filing of a notice of motion for such order setting forth the basis for relief,* with proof of service upon the district attorney or other representative of the people at least 10 days prior to the time set for hearing of the motion and otherwise in compliance with the provisions of Section 1010 of the Code of Civil Procedure. Such notice may be given by the surety insurer, its bail agent, the surety, or depositor of money, any of whom may give such notice and appear either in person or by attorney. Such notice of motion must be filed within 180 days after such entry in the minutes or mailing as the case may be, and must be heard and determined within 30 days after the expiration of such 180 days, unless the court for good cause shown, shall extend the time for hearing and determination.

"(b) If, without sufficient excuse, the defendant neglects to appear for arraignment[,] trial, judgment, or upon any other occasion when his presence in court is lawfully

required, or to surrender himself in execution of the judgment, but the court has reason to believe that sufficient excuse may exist for his neglect to appear or surrender himself, the court may continue the case for such period as it deems reasonable to enable the defendant to appear without ordering a forfeiture of bail or issuing a bench warrant." (Italics added.)