Opinion
REESE, P. J.
I.

Statement of Facts

Albert T. Ramirez, doing business as Albert Ramirez Bail Bonds, posted bond executed by Surety Insurance Company of California (Surety) to se *Supp. 3 cure the release on bail of defendant Cathleen A. Voorhees. Defendant failed to appear on November 4, 1981, and notice of forfeiture was mailed to Surety at the address Surety affixed to the face of the bond. The notice to bailbondsman Ramirez, however, was not mailed to him at the address he had affixed to the face of the bond, but was directed to him instead at the address of Surety. Summary judgment on bail bond forfeiture was subsequently entered on June 25, 1982, in favor of County of Los Angeles against Surety in the sum of $25,000 principal and $25 costs. A motion to vacate judgment filed by Surety was denied by the trial court and a timely appeal therefrom was filed.
II.

Issues

(1) Does Penal Code section 1305, subdivision (a) require that the clerk’s Notice of Order Forfeiting Bail be mailed to the bondsman at the bondsman’s address affixed on the face of the bond?
(2) Is the surety or depositor released from all obligations under the bond if the clerk fails to properly mail notice of forfeiture to the bondsman?
III.

Discussion

Requirements of Penal Code section 1305, subdivision (a).

The relevant part of the statute reads as follows: “If, without sufficient excuse, the defendant neglects to appear for arraignment or for trial or judgment, or upon any other occasion when his presence in court is lawfully required, or to surrender himself in execution of the judgment, the court must direct the fact to be entered upon its minutes and the undertaking of bail, or the money deposited instead of bail, as the case may be, must thereupon be declared forfeited, and, if the amount of the forfeiture exceeds one hundred dollars ($100), the clerk of the court shall, promptly upon entering the fact of such failure to appear in the minutes, mail notice of the forfeiture to the surety on the bond or depositor of money instead of bond, and shall execute a certificate of such mailing and place it in the court’s file in the case. If the surety is an authorized corporate surety insurer, and if the bond has plainly printed or stamped thereon the address of its principal office, such notice shall be mailed to such surety at such address, and mail *Supp. 4 ing to the bail agent or solicitor who posted the bond shall not constitute compliance with this section; the clerk shall at the same time send a copy of such notice to the bail agent or solicitor who posted the bond. If the clerk fails to mail such notice within 30 days after such entry, the surety or depositor shall be released from all obligations under the bond. ” (Italics added.)
In determining the requirements of the subject statute, we begin with the fundamental rule that a court “should ascertain the intent of the Legislature so as to effectuate the purpose of the law.” (Select Base Materials v. Board of Equal. (1959) 51 Cal.2d 640, 645 [335 P.2d 672]). We must turn “first to the words themselves for the answer.” (People v. Knowles (1950) 35 Cal.2d 175, 182 [217 P.2d 1].) Further helpful guidelines are given us to aid in correctly and judiciously interpreting the meaning and intent of the statute before us. In Moyer v. Workmen’s Comp. Appeals Bd. (1973) 10 Cal.3d 222 [110 Cal.Rptr. 144, 514 P.2d 1224], our high court states, at page 230: “We are required to give effect to statutes ‘according to the usual, ordinary import of the language employed in framing them. ’ (In re Alpine (1928) 203 Cal. 731, 737 [265 P. 947, 58 A.L.R. 1500]; see also Merrill v. Department of Motor Vehicles (1969) 71 Cal.2d 907, 918 [80 Cal.Rptr. 89, 458 P.2d 33]; Chavez v. Sargent (1959) 52 Cal.2d 162, 203 [339 P.2d 801], disapproved on another ground in Petri Cleaners, Inc. v. Automotive Employees, etc. Local No. 88, 53 Cal.2d 455, 473-475 [2 Cal.Rptr. 470, 349 P.2d 76].) ‘If possible, significance should be given to every word, phrase, sentence and part of an act in pursuance of the legislative purpose. ’ (Select Base Materials v. Board of Equal., supra, 51 Cal.2d 640, 645); ‘a construction making some words surplusage is to be avoided’ (Watkins v. Real Estate Commissioner (1960) 182 Cal.App.2d 397, 400 [6 Cal.Rptr. 191].) ‘When used in a statute [words] must be construed in context, keeping in mind the nature and obvious purpose of the statute where they appear. ’ (Johnstone v. Richardson (1951) 103 Cal.App.2d 41, 46 [229 P.2d 9]; see also West Pico Furniture Co. v. Pacific Finance Loans (1970) 2 Cal.3d 594, 608 [86 Cal.Rptr. 793, 469 P.2d 665].) Moreover, the various parts of a statutory enactment must be harmonized by considering the particular clause or section in the context of the statutory framework as a whole. ...” (Italics added.)
With the foregoing tenets in mind, we examine the provisions of Penal Code section 1305, subdivision (a). We find the words to be clear, plain and unambiguous. The statute mandates that notice shall be mailed to the surety at such address as is “printed or stamped” on the bond, and that a copy of such notice shall be sent to “the bail agent or solicitor who posted the bond” at the same time. The statute further specifies that “[i]f the clerk fails to mail such notice within 30 days after such entry, the surety or depositor shall be released from all obligations under the bond.” (Pen. *Supp. 5 Code, § 1305, subd. (a).) The statute does not provide for the address to which the bail agent’s notice must be sent, as it does with the surety’s notice. Does this mean that the clerk is unconditionally free to determine the address to which he will mail the agent’s notice? We think not. Code of Civil Procedure section 1013, subdivision (a) provides “In case of service by mail, the notice or other paper must be deposited in a post office, mailbox. . . addressed to the person on whom it is to be served, at his office address as last given by him on any document which he has filed in the cause. ...” (Italics added.) In the case sub judice the only document in the record before us with an “address as last given” by the bail agent is the bond itself. As we interpret the statute, Code of Civil Procedure section 1013, subdivision (a) places the burden upon the bail agent to imprint upon the face of the bond his correct mailing address; it places upon the clerk the duty to mail the copy of the notice of order of forfeiture to the agent’s “address as last given.” (Ibid.) All that is required of the clerk is that he utilize the “address as last given” and deposit the notice in a postal receptacle delineated in Code of Civil Procedure section 1013, subdivision (a). The clerk’s duties and responsibilities with reference to sending notice to the agent are complete at that juncture. “The service is complete at the time of the deposit. . . . ” (Ibid.) In the case at bench, the clerk failed to forward the required notice to the bail agent as required by law. We find a fatal noncompliance with Penal Code section, 1305, subdivision (a). The following authorities and the principles enunciated therein are pertinent:
(1). In People v. Earhart (1972) 28 Cal.App.3d 840 [104 Cal.Rptr. 322], the clerk mailed notice of forfeiture to the surety but no copy thereof was sent to the agent. In reversing the order denying relief from the forfeiture, and directing the trial court to vacate the forfeiture and to exonerate the bond, the court succinctly delineates two reasons why the clerk must mail a copy of the notice to the bail agent on pages 843 and 844 of its opinion: “The statute clearly says that if the clerk fails to mail such notice within 30 days after the entry of forfeiture the surety shall be released. The words ‘such notice’ obviously refer to the notice described in the preceding sentence, namely, notice to the surety and to the bail agent. The fact that the sentence also says that it is not sufficient to mail notice to the bail agent by no means is equivalent to a statement that notice to the bail agent is not required. Indeed, the sentence gives rise to an inference that the Legislature realized that the clerk might well believe, were it not for this provision, that the essential thing to do is to notify the person who had direct contact with the accused and with the court. . . .
“A second reason for our construction of the statute is that one of the purposes of the mailing of the notice is to enable the bail agent to pursue the nonappearing defendant, to arrest him and to bring him before the court. *Supp. 6 In People v. Rolley, 223 Cal.App.2d 639 [35 Cal.Rptr. 803], it was pointed out that statutes providing for relief from forfeiture are intended to provide the bail with an incentive to secure the arrest of the defaulting defendant. The provision for mailing notice fulfills a like purpose. The bail agent is the person who knows, or ought to know, something of the whereabouts and the history and the relationships of his client. As between him and the surety he is the one who has the means and the incentive of pursuing the absent defendant. The surety has simply put up the bond, usually with little or no information about the defendant and with security in the form of collateral deposited by the bail agent. ...” (Italics added.)
(2). In People v. Wilshire Ins. Co. (1975) 46 Cal.App.3d 216 [119 Cal.Rptr. 917], neither the surety nor the agent was given notice. The court, in discussing the forfeiture aspects of Penal Code section 1305, subdivision (a) and the issue of prejudice to the surety by noncompliance with that section, reasons at page 220:
“Turning to the merits, we first concern ourselves with the statutory procedure set forth in Penal Code section 1305 and the interpretation thereof. It has been repeatedly held that since the law disfavors forfeitures and statutes imposing them, such as this one, the statute must be strictly construed in favor of the surety to avoid the harsh results of a forfeiture. It is also to be construed in light of the principle that ‘where a statute requires a court to exercise its jurisdiction in a particular manner, follow a particular procedure, or subject to certain limitations, an act beyond those limits is in excess of its jurisdiction. ’ (Burtnett v. King (1949) 33 Cal.2d 805, 807 [205 P.2d 657, 12 A.L.R.2d 333]; see also People v. United Bonding Ins. Co. (1971) 5 Cal.3d 898, 904-906 [98 Cal.Rptr. 57, 489 P.2d 1385]; People v. Black (1961) 55 Cal.2d 275, 277 [10 Cal.Rptr. 459, 358 P.2d 915]; People v. North Beach Bonding Co. (1974) 36 Cal.App.3d 663, 673-674 [111 Cal.Rptr. 757]; People v. Surety Ins. Co. (1973) 30 Cal.App.3d 75, 79 [106 Cal.Rptr. 220].)
“Following the precepts of the strict construction required by firmly settled principles (see cases supra) in this area, it seems the court is probably precluded from inquiring into any prejudice the surety may have suffered as a result of the failure to precisely follow the statutory notice prescriptions. [Fn. omitted.]” (Italics added.)
(3). In County of Los Angeles v. Resolute Ins. Co. (1972) 22 Cal.App.3d 961 [99 Cal.Rptr. 743], notice of forfeiture was mailed to the surety at an address other than the one imprinted upon the face of the bond. The appel *Supp. 7 late court held the summary judgment void because it was founded upon a bond upon which the surety had been released as a matter of law by reason of the trial court’s failure to have given the precise notice required by Penal Code section 1305 subdivision (a). (Id., at pp. 963-964.)
In accordance with the principles above set forth, we conclude that the clerk in the subject case failed to mail notice to the bail agent in accordance with the strict provisions of Penal Code section 1305, subdivision (a) and the provisions of Code of Civil Procedure section 1013, subdivision (a). Failure to do so invalidated the bond and rendered the judgment based thereon void.
The order denying appellant’s motion to vacate the summary judgment is reversed.
Appellant to recover costs on appeal.
Bernstein, J., and Cooperman, J., concurred.