[No. H015091. Sixth Dist. Dec. 2, 1996.]

THE PEOPLE, Plaintiff and Respondent, v.
RANGER INSURANCE COMPANY, Defendant and Appellant.

## COUNSEL

Nunez & Bernstein and E. Alan Nunez for Defendant and Appellant.

Steven M. Woodside, County Counsel, and Kathy Kretchmer, Deputy County Counsel, for Plaintiff and Respondent.

## OPINION

**WUNDERLICH, J.**—Ranger Insurance Company, the surety on a bail bond, appeals from the trial court's order granting summary judgment and denying its motion to set aside a forfeiture. On appeal the surety contends that because of certain procedural irregularities in the giving of notice, it should have been released from all its obligations under the bond. (Pen. Code, § 1305.)[1] We agree and reverse.

### STATEMENT OF FACTS

On March 10, 1994, Ranger Insurance Company (Ranger) posted a bail bond for the release of defendant Ignacio Salazar. Ranger is a Delaware Corporation. Ranger's address on the bail bond was that of its managing agent, Spencer Douglass, in San Diego.

On April 21, 1994, Ranger obtained a restraining order against Spencer Douglass and Ranger served each California county with a copy of the order and a notice that Ranger was no longer writing bail in California and requesting that forfeiture notices be sent to its post office box in Houston, Texas. On August 3, 1994, Ranger wrote the Santa Clara County Clerk that it was resuming bail bond operations in California and reminding the clerk of its new address in Houston, Texas.

Less than three weeks later, on August 22, 1994, defendant Ignacio Salazar failed to appear and the bail was declared forfeited. The court clerk sent notice of forfeiture to the local bail bondsman and to Douglass in San Diego, despite Ranger's notices. Douglass forwarded this notice to Ranger. On August 24, 1994, defendant apparently appeared and the court ordered the forfeiture set aside and ordered reassumption of bond obligations by Frontier Pacific Insurance Company (not Ranger). On September 7, 1994, the court accepted reassumption and purported to reinstate Ranger's liability on the bond.

Notice of court costs regarding setting aside the forfeiture was sent to Spencer Douglass, at his old San Diego address. This was returned to the court, which mailed a second notice to Douglass at his new address in Carlsbad, California, in January of 1995. The court continued to ignore

[1]Further statutory references are to the Penal Code.

Ranger's notice that it was no longer associated with Douglass and it did not mail this notice of costs to Ranger.

On November 23, 1994, defendant pleaded no contest to the charges and the sentencing was set for March 17, 1995. On March 17, 1995, defendant failed to appear for sentencing. The court ordered the bail forfeited. Evidently defense counsel offered the excuse that defendant was told to appear on the 31st not the 17th, and the forfeiture order was stayed by the court and the matter continued until March 31st. On March 31, 1995, defendant again failed to appear. The bail forfeiture order was ordered to execute. Notice of bail forfeiture was again sent by the court clerk to Douglass's old address. That notice was returned to the court since the forwarding order had expired. Sometime later an amended notice (undated) was sent to Douglass's new address in Carlsbad, not to Ranger in Houston. Ranger never received the notice.

On October 11, 1995, summary judgment was entered on the forfeiture. Notice of entry of judgment was sent to Ranger at its Houston, Texas address. Ranger moved to discharge the forfeiture and to set aside the summary judgment and exonerate bail on December 13, 1995. Although a hearing was held, the reporter's transcript is not included in the record on appeal. The trial court denied the motion.

## CONTENTIONS ON APPEAL

Appellant Ranger contends: 1) failure to give notice of forfeiture to the surety deprives the court of jurisdiction and exonerates the bond; 2) there was no valid reassumption of liability on the part of Ranger upon defendant's reappearance in court; 3) the trial court lost jurisdiction and the bond was exonerated for failure of the trial court to declare forfeiture immediately on the March 17th failure to appear; and 4) failure to give the surety notice of the March 31, 1995, forfeiture deprived the court of jurisdiction and exonerated the bond. The People contend: 1) the trial court properly denied appellant's motion because notice of the August 22, 1994, forfeiture was mailed in accordance with section 1305, subdivision (b); 2) appellant may not, for the first time on appeal, assert that the September 7, 1994, bond reinstatement was defective; 3) the trial court properly denied appellant's motion because there was sufficient excuse for Salazar's nonappearance on March 17, 1995, to stay the forfeiture until March 31, 1995; and 4) the trial court properly denied appellant's motion because notice of the March 31, 1995, forfeiture was mailed in accordance with section 1305.

## DISCUSSION

An order denying a motion to set aside a forfeiture is appealable. (§ 1308; *People* v. *Rolley* (1963) 223 Cal.App.2d 639 [35 Cal.Rptr. 803];

*County of Los Angeles* v. *Resolute Ins. Co.* (1972) 22 Cal.App.3d 961 [99 Cal.Rptr. 743].) Also, a summary judgment not entered in accordance with the consent given in the bond is appealable. (*People* v. *Wilshire Ins. Co.* (1975) 46 Cal.App.3d 216 [119 Cal.Rptr. 917].)

We restate the issues as we see them. May the trial court discharge its statutory duty by sending notice of forfeiture to the surety at its agent's address shown on the bond, when the court has in hand the surety's notices that it severed relations with that agent and that it moved to a new address? Further, is a reinstatement of a bond effective against a surety if the wrong insurance company is named, and is that a jurisdictional defect that can be challenged at any time?

As a preliminary matter we note the standard of review on appeal. The determination of a motion to set aside a bail forfeiture is in the discretion of the trial court and should not be disturbed on appeal unless an abuse of discretion appears in the record. (*People* v. *United Bonding Ins. Co.* (1970) 12 Cal.App.3d 349, 353 [90 Cal.Rptr. 714].)

The statutes applicable to this case are sections 1305 and 1306. Section 1305 provides in pertinent part: "(a) A court shall declare forfeited the undertaking of bail . . . if, without sufficient excuse, a defendant fails to appear for any of the following: [¶] [list of hearings] [¶] (b) If the amount of the bond or money or property deposited exceeds four hundred dollars ($400), the clerk of the court shall, within 30 days of the forfeiture, mail notice of the forfeiture to the surety . . . . At the same time, the court shall mail a copy of the forfeiture notice to the bail agent whose name appears on the bond. The clerk shall also execute a certificate of mailing of the forfeiture notice and shall place the certificate in the court's file. . . . [¶] If the surety is an authorized corporate surety, and if the bond plainly displays the mailing address of the corporate surety and the bail agent, then notice of the forfeiture shall be mailed to the surety at that address and to the bail agent, and mailing alone to the surety or the bail agent shall not constitute compliance with this section. [¶] The surety or depositor shall be released of all obligations under the bond if any of the following conditions apply: [¶] (1) The clerk fails to mail the notice of forfeiture in accordance with this section within 30 days after the entry of the forfeiture. [¶] (2) The clerk fails to mail the notice of forfeiture to the surety at the address printed on the bond. [¶] (3) The clerk fails to mail a copy of the notice of forfeiture to the bail agent at the address shown on the bond." [¶] Section 1306 generally provides that when a bond is forfeited and 180 days have passed, the court

may enter a summary judgment against the bondsman for the amount of the bond.

While no cases are directly on point, we find some useful guidelines in *People* v. *American Bankers Ins. Co.* (1991) 227 Cal.App.3d 1289 [278 Cal.Rptr. 314] (hereafter simply *American Bankers*). In that case American Bankers Insurance Company, the surety, furnished a bail bond in the sum of $40,000 on the behalf of one Mr. Dyer. The first forfeiture was declared when he did not appear, and the clerk sent the proper notices under section 1305. (227 Cal.App.3d at p. 1291.) After a second failure to appear, the bond was again declared forfeited. (*Id.* at p. 1292.) The clerk sent notices to the surety and to the bail agent, but inadvertently placed the bail agent's notice in an envelope addressed to a different bail bondsman. The bail bondsman who received the notice intended for another bondsman sent it to the proper agent. Thus, the bail agent received actual notice of forfeiture, albeit not directly from the clerk but from another bail bondsman. The surety argued that because the clerk had not complied strictly with the statutory notice procedure, the surety should be exonerated from liability under the bond. (*Ibid.*)

In affirming, the appellate court noted the principle that these Penal Code sections must be strictly construed in favor of the surety to avoid the harsh results of a forfeiture. Also, when a statute requires a court to exercise its jurisdiction in a particular manner, to follow a particular procedure, or to act subject to certain limitations, an act beyond those limits is in excess of its jurisdiction. (227 Cal.App.3d at p. 1294.)

It was true the statute provided that if the clerk failed to mail the notice of forfeiture within 30 days to the bail agent, the surety would be released from the bond. (227 Cal.App.3d at pp. 1294-1295.) However, in this case, because the bail agent had actual notice, strict construction of the statute would result in an absurdity. (*Id.* at p. 1295.) The court reasoned: "While it is appropriate for courts to strictly construe any ambiguities against the party seeking to enforce the forfeiture, we will not hesitate to enforce a forfeiture when the application of a statute or contract is reasonably clear. *Nor will we blindly follow the literal meaning of every word if to do so would frustrate the legislative purpose of those words.* As another court has said in interpreting this same section: 'It is the prime purpose of the courts, in examining a statute, to ascertain and effectuate the legislative purpose; a statute will not be given an interpretation in conflict with its clear purpose, and general words used therein will be given a restricted meaning when reason and justice require it, rather than a literal meaning which would lead to an unjust and absurd consequence.' [Citation.]" (*Ibid.*, italics added.)

From the statutory language, the appellate court in *American Bankers* reasoned that the purpose of this statute was to insure that notices of forfeiture be mailed and that actual notice of the forfeiture go to both the surety and the bail agent within 30 days of the forfeiture. ■ The statute places the burden of mailing notice on the only neutral party involved, the court itself. The statute has two related objectives: to employ a reasonably effective means of notice, and to create a reasonably reliable record of that notice. (227 Cal.App.3d at p. 1295.) Other cases, and the statute itself, make abundantly clear that notice must be sent both to the surety and to the bail agent. (*People* v. *Wilshire Ins. Co.*, *supra*, 46 Cal.App.3d 216 [a failure to give notice of an original failure to appear and forfeiture that lasted for only a day, with bail reinstated without notice to the district attorney or to the surety, held invalid]; *People* v. *Surety Ins. Co.* (1984) 158 Cal.App.3d Supp 1 [204 Cal.Rptr. 893] [forfeiture notice sent to bail agent at surety's address—held insufficient].)

■ Applying these principles to the facts of our case, we find that despite the clerk's mailing the notice to the wrong place, actual notice was received regarding the August 22, 1994, forfeiture. Because actual notice was received, although it was forwarded by Douglass to the surety, the statute's goal of effective notice was achieved in this instance. (See *American Bankers*, *supra*, 227 Cal.App.3d at p. 1295.) Because there was actual notice, there is no circumstance up to that point which defeats the trial court's forfeiture of the bond.

We find that the next event in the chronological sequence, however, defeats any further recourse against the surety. On August 24, 1994, the court ordered the forfeiture set aside and ruled there was a reassumption of the bond obligations by Frontier Pacific Insurance Company (not Ranger). As we have said, the statutes must be strictly construed to prevent forfeitures, and the procedures set out must be strictly complied with in order for the court to grant summary judgment and order a forfeiture. An order that the surety reassumes its obligations under the bond must name the right surety or it is ineffective. (Cf. *Diliberti* v. *Stage Call Corp.* (1992) 4 Cal.App.4th 1468 [6 Cal.Rptr.2d 563].) Because this is a jurisdiction-defeating mistake, it can be raised at any time, including for the first time on appeal. (*National Diversified Services, Inc.* v. *Bernstein* (1985) 168 Cal.App.3d 410, 417 [214 Cal.Rptr. 113]; *American Bankers*, *supra*, 227 Cal.App.3d at p. 1297.)

Even assuming that the reassumption of obligations was effective, and assuming that there is no problem with the court's failure to notify the surety that the defendant did not appear on March 17, 1995 (we doubt this, in light

of the *Wilshire Insurance Co.* case), then we are faced with the issue of whether the notice the clerk sent regarding the March 31, 1995, forfeiture was effective. We find it was not.

While the statute requires the court clerk to mail the notice of forfeiture to the bail bondsman and to the surety at their addresses which appear on the bail bond, this is so because mailing to those addresses is the means best calculated to give actual notice. When the court holds in its hand a notice from the surety that it is no longer associated with the general agent listed on the bond, the court cannot be said to fulfill any statutory duty to the surety by mailing the notice to the agent listed on the bond.[2] When the trial court has in its hand a notice from the surety that it has moved and all forfeiture notices should be sent to a new address, the trial court is not entitled to ignore that notice by sending the notice to the address listed on the bond. As the court said in the *American Bankers* case, we decline to interpret the statute so literally that it defeats the purpose of the statute.

The purpose of the statute is to give actual notice to the surety when its bond is in danger of being forfeited, so it can choose to act one way or another. When the clerk of the court does not send the notice both to the surety and to the bail bondsman as required by the statute, the surety is exonerated from its obligations under the bond. Here the trial court had in its hands the actual information it needed in order to effectuate the purpose of the statute—to give actual notice to the surety of the forfeiture. It chose to ignore this information in favor of the address imprinted on the bond which belonged to the general agent, with whom the surety was no longer associated. In addition, the trial court had a propensity for sending notices to the general agent no longer associated with the surety at his old address, even after the court had been given notice of the agent's new address. In any event, sending notice to the defunct general agent was an empty act, meaningless under the statute.

Evidently, the trial court did know how to reach the surety, because it sent its notice of entry of summary judgment to the surety at its correct address in Houston, Texas.

In summary, we hold that section 1305 must be strictly and precisely followed in order to accomplish its purposes. When the trial court follows the statutory provision, knowing that it will defeat the statute's purpose, this literal compliance does not meet the statutory requirement. When the trial

---

[2]We think the superior court could have required the surety to furnish a change of address notice for each case in which the surety had a bond, but by not doing so and accepting the general notice to the clerk, the court invited the surety to believe its notice had been effective.

court holds that a surety reassumes liability on the bond, it must name the right surety. When the trial court sends notice of forfeiture to the surety, it must do so in a manner calculated to give actual notice. In this case the trial court failed to do these things.

The surety's motion to discharge the forfeiture and set aside the summary judgment and exonerate bail should have been granted.

## DISPOSITION

The judgment is reversed. Costs to Ranger Insurance Company.

Premo, Acting P. J., and Elia, J., concurred.