[Civ. No. 27423. First Dist., Div. Three. Oct. 27, 1970.]

THE PEOPLE, Plaintiff and Respondent, v.
UNITED BONDING INSURANCE COMPANY,
Defendant and Appellant.

## COUNSEL

Cyril R. Ash, Jr., for Defendant and Appellant.

Louis P. Bergna, District Attorney, and John Schatz, Assistant District Attorney, for Plaintiff and Respondent.

## OPINION

**BROWN (H. C.), J.**—This is an appeal by United Bonding Insurance Company from an order denying its motion to set aside forfeiture of bail which it had posted on behalf of the defendant, Manuel Pedroza, in a criminal action pending in the Superior Court of Santa Clara County.[1] Appellant claims that defendant's appearance in the Santa Clara court at the time of trial was prevented by his detention in Mexico on criminal charges there, and that Penal Code section 1305 proscribed the forfeiture of bail under such circumstances.

The facts show that the defendant, Pedroza, was charged by indictment with violations of California Corporations Code section 26104, subdivision (a) (selling securities in a manner contrary to provisions of the Corporations Code). He failed to appear for trial in the Superior Court of Santa

---

[1]The notice of appeal specifies that the appeal is taken from the judgment entered July 23, 1969, and from the whole thereof. The summary judgment, following an order of forfeiture of bail, is a consent judgment and is not itself appealable. (*People* v. *Stuyvesant Ins. Co.*, 216 Cal.App.2d 380, 382 [31 Cal.Rptr. 208]; *People* v. *National Auto. & Cas. Co.*, 242 Cal.App.2d 150, 152 [51 Cal.Rptr. 212].) We will, therefore, consider the matter as an appeal from the order denying the motion to set aside the forfeiture, an appealable order.

Clara County on September 23, 1968. The bail that had been furnished him in the sum of $7,500 by appellant was ordered forfeited.

Thereafter on March 21, 1969, the United Bonding Insurance Company, defendant and appellant, moved the superior court to set aside the bail forfeiture on the ground that the defendant Pedroza was physically unable by reason of detention by civil authorities to appear on the trial date and during the time prescribed in Penal Code section 1305.

At the hearing on March 21, 1969, the bail bondsman, Rollin Ray, testified that he posted the bail releasing the defendant from custody on or about July 16, 1968. Ray further testified that he located the defendant in the town of Magdalena, State of Sonora, Mexico. He went to Mexico for the purpose of returning defendant Pedroza to this country and to this court.

Ray stated that he talked to the defendant; that he brought him to the border with the local police chief, and at the border he contacted the local magistrate. The local magistrate, after a telephone conference with the government authorities in Mexico City, refused to let the defendant enter the United States because of the Mexican authorities' orders restricting defendant to the area of Magdalena, Mexico. Ray testified he was ready to provide transportation and that he had a plane on the American side of the border ready to return defendant to California. Ray further introduced in evidence a statement confirming his testimony from the chief of police in Magdalena.

Ray also stated that although Pedroza was not in jail in Mexico, he was restricted to an area within 50 miles of the town of Magdalena and was charged with a felony in Mexico.

The trial court in denying appellant's motion to set aside the bail forfeiture stated: "The Court finds that at all times mentioned during the 'described 180 days' of forfeiture, the defendant was not in *actual physical custody* of Civil or Military Authority in Mexico *or confined in any jail or prison*. The Court finds that it has not been made to appear to the satisfaction of the Court that relief to the Bondsman under Section 1305 of the Penal Code should be granted. . . ." (Italics added.)

■ The language of Penal Code section 1305 does not require that the defendant be in *"actual physical custody* . . . or be confined in *any jail or prison."* (Italics added.) We do not consider proof of either physical custody or confinement in a jail a prerequisite to the grant of relief from a bail forfeiture under Penal Code section 1305. It is sufficient under this section to relieve from a bail forfeiture if it is proven that the defendant was restrained by civil authorities and that the restraint prevents his appear-

ance on the date set for that appearance. (*People* v. *Rolley,* 223 Cal.App.2d 639 [35 Cal.Rptr. 803].)

At all times relevant herein Penal Code section 1305 provided as follows: ". . . If within said 180 days after such entry [of bail forfeiture] . . . it be made to appear to the satisfaction of the court that the defendant is dead or is physically unable, by reason of illness or insanity, or by reason of *detention* by civil or military authorities, to appear in court at any time during said 180 days, and that the absence of the defendant was not with the connivance of the bail, the court *shall* direct the forfeiture of the undertaking or the deposit to be discharged upon such terms as may be just."[2] (Italics added.)

█ In *People* v. *United Bonding Ins. Co.,* 272 Cal.App.2d 441, 445-446 [77 Cal.Rptr. 310], the court stated: "The burden is upon the bonding company seeking to set aside the forfeiture to establish *by competent evidence* that its case falls within the four corners of these statutory requirements. [Citation.]" █ The determination whether competent and satisfactory evidence justifying the setting aside of the bail forfeiture has been submitted is for the trial court.

█ Here the evidence disclosed that Pedroza was detained by the Mexican authorities. Bondsman Ray testified that he was aware that Pedroza was being held in Mexico but could not persuade the Mexican officials to release him. There was also some corroboration of Pedroza's detention by the Mexican authorities in the form of a letter from their chief of police. The evidence also negated any question that defendant's absence was with the connivance of the bondsman. (See Pen. Code, § 1305.) The evidence of Pedroza's restriction to the Magdalena area was not contradicted, but the court could have determined that it was not sufficiently convincing. No official record was produced of Pedroza's indictment, charge, or detention, and no evidence was produced as to how long he had been detained or where or when he was to be tried. █ The determination of a motion to set aside a bail forfeiture is in the discretion of the trial court and is not to be disturbed unless an abuse of discretion appears in the record. (See *People* v. *Wilcox,* 53 Cal.2d 651, 656 [2 Cal.Rptr. 754, 349 P.2d 522, 78 A.L.R.2d 1174].) The court here, apparently, does not base its finding on lack of proof of detention, but states generally that "[i]t has not been made to appear to the satisfaction of the Court that relief to the Bondsman under Section 1305 of the Penal Code should be granted." This conclusion of the court probably relates to respondent's argument in support of the court's denial of relief that restraint of a defendant by *officials of a foreign*

---

[2]See 1969 amendment to Penal Code section 1305 providing for tolling the 180 days during detention by authorities.

*nation* does not require the court of California to set aside the bail forfeiture under Penal Code section 1305.

In *People* v. *Pugh,* 9 Cal.App.3d 241 [88 Cal.Rptr. 110], the court held that the refusal of the trial court to set aside a bail forfeiture when the defendant was prevented from appearing by reason of confinement by authority of a sister state is error.

Respondent here argues that the motion to set aside the forfeiture was properly denied because the performance of the contract (bail bond) was not prevented by or obstructed by any act of officials of the State of California or a sister state or of the United States *but by a foreign nation,* if at all.

It is true, as respondent contends, that no authority has been cited us to the effect that conduct of officials of a foreign nation restraining a defendant from leaving their country requires the courts of California to set aside a bail forfeiture. But, conversely, we can find no authority construing Penal Code section 1305 which would limit the power of the court in granting relief from such forfeiture to restrictions by the courts of this state and sister states. The court in *People* v. *Pugh,* *supra,* 9 Cal.App.3d at p. 250, quoting with approval from *People* v. *Hadley,* 257 Cal.App.2d Supp. 871 [64 Cal. Rptr. 777], in relieving from a bail forfeiture when the confinement was by authorities in a sister state, stated: " 'The terms "civil" or "military authorities" are unmodified in the language of the Legislature by any other word or phrase. No ambiguity appears and it is not for this court to rewrite a statute.' " While *Hadley* and *Pugh* relate to confinement of the defendant in a sister state, we believe the same reasoning should apply to a detention by a *neighbor nation* of which the defendant is a citizen.

In *Pugh* the court said at page 253: "There is no law which prohibits interstate travel by a person unconditionally released on bail. There was no court order restricting the defendant's peregrinations in this case. . . ." In the case before us our attention has not been directed—and our research reveals none—to a law which would have prevented Pedroza (a citizen of Mexico) from returning to his own country during the period prior to his trial in Santa Clara County, and the court imposed no such restriction. (We do not imply that a court may not impose a condition to the granting of bail that would restrict a defendant from traveling to a foreign country. The condition would at times be appropriate especially where there is a likelihood that the foreign country may refuse extradition.)

It is to be observed that relief from bail forfeiture, when the restriction is by confinement of a defendant in a sister state or foreign nation, does not excuse or exonerate bail. The liability of the surety is merely suspended

during the detention by the civil authorities in that state or country. There is ample time and authority when the foreign detention ends to invoke the penalty in the event of defendant's voluntary failure to appear. ▪ The trial court has plenary power to impose conditions upon the surety to submit proof of the continued inability of defendant to appear because of his detention or to suffer the penalty of bail forfeiture. Thus, the liability of the insured is merely postponed. (See *People* v. *Wilcox, supra,* 53 Cal.2d 651, 658.) When the circumstances in the future no longer justify a failure to appear on the grounds presently asserted, the surety would then be required to either produce the defendant or to suffer the penalty of forfeiture of the bail.

▪ We cannot ascertain from the findings whether the court was not satisfied with the evidence purporting to show defendant Pedroza's confinement in Mexico, or whether its denial of appellant's application for relief was based upon the belief that Penal Code section 1305 did not authorize relief from a forfeiture when a defendant was detained by a *foreign nation.* This latter conclusion would not justify a denial of relief under Penal Code section 1305. We conclude, therefore, that further proceedings are necessary.

▪ We note that bail was ordered forfeited in September of 1968. Over two years have elapsed since the alleged detention of defendant Pedroza by the Mexican authorities. It should now be possible to resolve the disposition, if any, of the Mexican criminal charge against Pedroza. This burden is upon appellant, the surety who seeks relief. (See *People* v. *Pugh, supra,* at p. 251.)

▪ Therefore, the judgment and order denying the motion to set aside the forfeiture are reversed. The bail shall remain in effect, but the liability of the surety shall be suspended pending the further determination by the trial court. The cause is remanded to the trial court with directions to make specific findings on the issue of defendant's detention by the Mexican authorities and, after taking such additional evidence as is deemed necessary and making such findings, to render judgment accordingly.

Reversed and remanded with the foregoing directions.

Draper, P. J., and Caldecott, J., concurred.