# Matter of M-A-S-, Respondent

*Decided March 19, 2009*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

An Immigration Judge may order an alien detained until departure as a condition of a grant of voluntary departure.

FOR RESPONDENT: Erich C. Straub, Esquire, Milwaukee, Wisconsin

FOR THE DEPARTMENT OF HOMELAND SECURITY: Seth B. Fitter, Senior Attorney

BEFORE: Board Panel: FILPPU, COLE, and PAULEY, Board Members.

PAULEY, Board Member:

In a decision dated April 14, 2008, an Immigration Judge found that the respondent failed to meet the requirements for reopening proceedings, that his asylum application was time barred, and that, in any event, he had not established eligibility for asylum, withholding of removal, and protection under the Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, *adopted and opened for signature* Dec. 10, 1984, G.A. Res. 39/46. 39 U.N. GAOR Supp. No. 51, at 197, U.N. Doc. A/RES/39/708 (1984) (entered into force June 26, 1987; for the United States Apr. 18, 1988) ("Convention Against Torture"). The Immigration Judge also granted voluntary departure with the condition that the respondent was not to be released from custody until his departure. The respondent has appealed from that decision. The appeal will be dismissed.

## I. FACTUAL AND PROCEDURAL HISTORY

The respondent, a native and citizen of Qatar, entered the United States with an F-1 student visa on or about July 22, 2002. He ultimately failed to carry a full course load, and the Department of Homeland Security ("DHS") initiated removal proceedings against him. On January 26, 2007, the Immigration Judge found that the respondent was removable for failing to maintain the conditions of his status. During the hearing, the respondent indicated that he

did not fear returning to Qatar and that he did not have the means to depart. The Immigration Judge therefore concluded that the respondent was ineligible for any relief from removal.

The respondent appealed that decision, and on May 18, 2007, we dismissed the appeal, affirming the Immigration Judge's removability finding and holding that the respondent had not established eligibility for voluntary departure because he did not have the means to depart the United States. The respondent appealed our decision to the United States Court of Appeals for the Seventh Circuit, which issued a stay of the respondent's removal on June 7, 2007, pending the outcome of the appeal. On September 28, 2007, the DHS filed a motion to reopen removal proceedings, requesting that we give the respondent another opportunity to apply for voluntary departure. On October 15, 2007, we granted the motion and remanded the record to the Immigration Judge.

On remand, in addition to applying for voluntary departure, the respondent applied for asylum, withholding of removal, and protection under the Convention Against Torture. On April 14, 2008, the Immigration Judge found the respondent ineligible for each of those forms of relief, but he granted voluntary departure with the condition that the respondent not be released from custody until his departure. It is from this decision that the respondent appeals.

Concurrent with the removal proceedings, the respondent attempted to secure release from custody. The DHS initially ordered that no bond be set, but the Immigration Judge reviewed this decision and on, January 26, 2007, ordered the respondent released on $15,000 bond. The DHS subsequently revoked the respondent's bond. The respondent appealed the revocation to the Immigration Judge and filed a petition for a writ of habeas corpus in district court. On May 16, 2007, the Immigration Judge held another bond hearing, considered the DHS's arguments that the respondent was a threat to national security, and again ordered the respondent released, but he increased the amount of the bond to $60,000. The district court denied the respondent's habeas corpus petition. The respondent filed an appeal with the Seventh Circuit, which dismissed the appeal, relying on the Immigration Judge's April 14, 2008, decision ordering the respondent detained during his voluntary departure period. *Al-Siddiqi v. Achim*, 531 F.3d 490 (7th Cir. 2008).

## II. ISSUE

The issue on appeal is whether an Immigration Judge may order an alien detained until departure as a condition of a grant of voluntary departure.

## III. ANALYSIS

### A. Asylum, Withholding of Removal, and Protection Under the Convention Against Torture

Before we consider the voluntary departure issue, we review the Immigration Judge's decision regarding the respondent's eligibility for asylum, withholding of removal, and protection under the Convention Against Torture. Although the DHS argues that the Immigration Judge should not have considered the respondent's application for these forms of relief, we conclude that the Immigration Judge properly found that he was not foreclosed from considering the respondent's claims. *Matter of M-D-*, 24 I&N Dec. 138 (BIA 2007).

In this case, the respondent submitted an affidavit asserting that he fears harm in Qatar because the United States Federal Bureau of Investigation interviewed him on April 24, 2007, and suggested that he has ties to terrorist groups. This evidence is material, was not previously available, and could not have been discovered at the former hearing. Therefore, we conclude that the respondent has met the requirements for consideration of his applications for relief.

Turning to the merits of the respondent's applications and assuming arguendo that he timely filed his asylum application within a reasonable period of changed circumstances, we agree with the Immigration Judge's denial of relief. The respondent does not claim that he was persecuted in the past, but he contends that he will be persecuted in Qatar in the future because the Government will suspect him of being a member of a terrorist organization. Even assuming the truth of this assertion, we conclude that the record does not support a finding that he has a well-founded fear of persecution.

First, investigation of terrorism is not harm perpetrated on account of a protected ground. *See Dinu v. Ashcroft*, 372 F.3d 1041 (9th Cir. 2004). Moreover, Amnesty International's 2006 report for the country of Qatar indicates that the Government had detained at least 17 persons for extended periods as suspected terrorists, but the report for the following year indicates that 17 persons had been released and one other was tried and convicted. *See* Amnesty International USA, *2007 Annual Report for Qatar*, *http://www.amnestyusa.org/annualreport.php?id=ar&yr=2007&c=QAT*; Amnesty International USA, *2006 Annual Report for Qatar*, *http://www.amnestyusa.org/annualreport.php?id=ar&yr=2006&c=QAT*. Although other evidence indicates that Qatar has passed an antiterrorism law, it does not establish that persons suspected of terrorism are persecuted. Similarly, the Department of State 2006 country reports on human rights practices in Qatar references an Amnesty International report regarding the

detention of 18 persons in 2005 under the laws for the "protection of society" and "combating terrorism," but it does not indicate that terrorism suspects are persecuted. *See* Bureau of Democracy, Human Rights, and Labor, U.S. Dep't of State, *Qatar Country Reports on Human Rights Practices for 2006* (Mar. 6, 2007), *available at* http://www.state.gov/g/drl/rls/hrrpt/2006/78861.htm, *reprinted in* Committees on Foreign Relations and Foreign Affairs, 110th Cong., 2d Sess., *Country Reports on Human Rights Practices for 2006* 2125, 2127 (Joint Comm. Print 2007). We therefore conclude that the respondent has not established that he has a well-founded fear of persecution in Qatar on account of a protected ground.

Since the respondent failed to meet the lower burden of proof required for asylum, it follows that he also failed to satisfy the clear probability standard to establish eligibility for withholding of removal. *See INS v. Stevic*, 467 U.S. 407 (1984); *see also* 8 C.F.R. §§ 1208.13, 1208.16(b) (2008). Furthermore, he failed to prove that it is more likely than not that he will be tortured if he is returned to Qatar. *See* 8 C.F.R. § 1208.16(c)(2). The respondent has not provided evidence that he was tortured in Qatar or that a Government official either seeks to torture him or will acquiesce in his torture if he is returned to that country. *See* 8 C.F.R. § 1208.18(a)(1) (2008); *see also Matter of S-V-*, 22 I&N Dec. 1306 (BIA 2000). Although the evidence he submitted identifies isolated incidents of torture in Qatar, it does not establish that he would be more likely than not to face such treatment. We therefore agree with the Immigration Judge that the respondent has not established eligibility for asylum, withholding of removal, or protection under the Convention Against Torture.

## B. Voluntary Departure

The Immigration Judge granted the respondent's voluntary departure request, indicating that voluntary departure would be "granted under safeguards and the Respondent is not to be released pending departure." The respondent challenges the Immigration Judge's continued detention order and his failure to set a voluntary departure bond.

The terms "continued detention" and "safeguards" are explicitly used in the regulations that establish the parameters under which DHS officials are authorized to grant voluntary departure: "The Service may attach to the granting of voluntary departure any conditions it deems necessary to ensure the alien's timely departure from the United States, including the posting of a bond, *continued detention* pending departure, and *removal under safeguards*." 8 C.F.R. § 240.25(b) (2008) (emphasis added); *see also Matter of Arguelles*, 22 I&N Dec. 811, 814-15 (BIA 1999). In this case, we understand the Immigration Judge's use of the term "under safeguards" solely to mean

continued detention, because the Immigration Judge did not reference or impose any other limitations on the respondent's voluntary departure.[1] Moreover, the term "voluntary departure with safeguards" is commonly used to characterize the requirement that an alien remain in custody until he or she departs from the United States. *See* Immigration and Customs Enforcement, Office of Detention and Removal, Department of Homeland Security Border and Transportation Security Directorate, *Detention and Deportation Officers' Field Manual* Ch. 11.10 (2002), *available at* https://www.westlaw.com (follow "FIM-DDOFMN Ch. 11.10 " hyperlink); *Immigration Trial Handbook* § 2:7 (2008), *available at* https://www.westlaw.com (follow "IMTRIAL § 2:7" hyperlink).

The respondent argues that the regulations that govern the setting of voluntary departure by Immigration Judges differ from the regulations governing the DHS, because the regulations relating to Immigration Judges do not contain the express power to detain an alien without bond. *Compare* 8 C.F.R. § 1240.26(c)(3) (2008) *and* 8 C.F.R. § 240.25(b). The respondent also reads 8 C.F.R. § 1240.26(c)(3) to require the mandatory setting of a voluntary departure bond. According to the respondent, the purpose of setting such a bond is to allow the respondent to be released, so Immigration Judges do not have the authority to order continued detention in the voluntary departure context. The Seventh Circuit considered this precise issue when it reviewed the respondent's habeas corpus petition and interpreted 8 C.F.R. § 1240.26(c)(3) to empower Immigration Judges to grant voluntary departure with the condition that the alien remain in custody. *Al-Siddiqi v. Achim*, *supra*, at 495.

Although 8 C.F.R. § 1240.26(c)(3) does not explicitly use the term "continued detention" in discussing the authority of Immigration Judges to grant voluntary departure, it does authorize an Immigration Judge to set "such conditions as he or she deems necessary to ensure the alien's timely departure from the United States." *See also Matter of Ocampo*, 22 I&N Dec. 1301, 1303-04 (BIA 2000). We concur with the Seventh Circuit that 8 C.F.R. § 1240.26(c)(3) gives Immigration Judges broad discretion to set conditions for voluntary departure, including the continued detention of the alien until his or her departure from the United States.

The respondent argues that the second sentence of 8 C.F.R. § 1240.26(c)(3) requires Immigration Judges to set a voluntary departure bond in all cases. We understand his argument to imply that the setting and payment of such a bond

---

[1] Because we determine that the Immigration Judge's order in this case involved only continued detention, we do not reach the issue whether Immigration Judges have the same authority as the DHS to impose other safeguards, such as electronic monitoring devices, sedation, or an escort to the alien's departure destination.

would also entitle him to release. Because we have determined that the Immigration Judge has the authority to order the continued detention of an alien as a condition of voluntary departure, however, requiring the Immigration Judge to *also* set a bond would still not entitle the respondent to release by payment of the bond. Under such circumstances, a bond would merely be an additional onerous requirement. We therefore do not consider the respondent's argument to be that a bond should have been imposed in addition to detention, but rather only that it should have been imposed in lieu thereof.[2] Furthermore, where continued detention is ordered, it makes no sense to require a bond, because the purpose of the bond—to assure that the respondent will appear for departure—is already fully served by the continued detention. We are therefore unpersuaded by the respondent's arguments in this regard. Accordingly, the respondent's appeal will be dismissed.

**ORDER:** The appeal is dismissed.

---

[2] The argument that the Immigration Judge should have placed additional conditions on the voluntary departure order would normally come from the DHS, and the DHS has not advanced such an argument on appeal. *See Greenlaw v. United States*, 128 S. Ct. 2559 (2008) (upholding the party presentation rule).