Filed 8/11/22

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H047426 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. C1804484) |
| v. | |
| THE NORTH RIVER INSURANCE COMPANY, | |
| Defendant and Appellant; | |
| BAD BOYS BAIL BONDS, | |
| Real Party in Interest and Appellant. | |

North River Insurance Company and Bad Boys Bail Bonds appeal from a
$200,000 judgment on a forfeited bail bond. They argue, and the People concede, that
the trial court erred by denying the bail agent's motion to toll the statutory 180-day
period for securing a criminal defendant's appearance based on temporary disability
under Penal Code section 1305, subdivision (e). We will accept the People's concession,
reverse the judgment, and remand the matter for further proceedings.

## I. BACKGROUND

Bad Boys Bail Bonds posted a $200,000 bail bond for criminal defendant Miguel
Angel Quinones-Arias. North River was the surety on the bond. Under the terms of the
bond, North River guaranteed the defendant's appearance in the criminal matter in the
trial court. The defendant did not appear at a plea hearing on December 17, 2018. The
trial court declared the bond forfeited and issued a $200,000 bench warrant. A notice of

forfeiture was mailed to appellants on January 10, 2019, advising that the forfeiture would become final on July 14, 2019 (180 days plus five days for mailing) unless the defendant is surrendered to the court or to custody.

On July 8, 2019, Bad Boys moved the trial court to toll the 180-day period based on temporary disability (Pen. Code, § 1305, subd. (e)), or alternatively to extend the time to return the defendant to court. (Pen. Code, § 1305.4.) The bail agent argued that the defendant's detention and deportation from the United States constituted a temporary disability under Penal Code section 1305, subdivision (e). The defendant had returned to Mexico while under the physical custody of ICE officers and was living in Guadalajara. The bail agent was entitled to tolling during the period of disability and for a reasonable time thereafter to allow for the defendant's return.

In a supporting declaration, the bail agent's investigator stated that he had received several documents related to the defendant's immigration case, including an order from an immigration judge dated February 22, 2019, granting the defendant's application for voluntary departure "under safeguards" until March 15, 2019, with an alternative order of removal to Mexico. A previous investigator had been in contact with the defendant's wife or fiancée (the indemnitor on the bond) since at least March 1. In early June, the investigator called her to "touch[] bases on the defendant's whereabouts," and the woman related that the defendant "is still residing in Guadalajara, Jalisco, Mexico." The investigator later spoke with the defendant, who would not disclose his exact address in Mexico.

In addition to the immigration judge's order, supporting documents showed that federal agents arrested the defendant on November 28, 2018; the defendant was placed in removal proceedings and charged with being a native and citizen of Mexico present in the United States without being admitted or paroled; and the defendant continued in federal custody until he was returned to Mexico in February 2019 after his immigration hearing.

2

The trial court heard appellants' tolling motion on July 31, 2019. A special appearance was made by an attorney in place of the bail agent's attorney of record, who did not appear at the hearing. The prosecutor did not file a written response to the motion. She stated at the hearing that she had contacted the Department of Homeland Security and was told the defendant "was not deported, that, in fact, he voluntarily departed." The trial court surmised: "The order by the immigration judge was that he had permission to voluntarily depart prior to March 15, 2019, and apparently did so and is living in Guadalajara now, not under any kind of disability." The court then asked the prosecutor whether the People were requested to extradite the defendant during the surrender period, to which the prosecutor replied no.

The court then commented: "[I]sn't this a situation where if there's no request to extradite and there's no civil disability, temporary or permanent, don't I have to deny the motion?" Counsel specially appearing for the bail agent answered, "I believe so, your honor." The court proceeded to deny the motion, finding that the defendant had voluntarily left the United States, the bail agent had made no effort to return the defendant, or surrender the defendant on the outstanding warrant, or request his extradition during the surrender period. Judgment was entered against the surety in the amount of $200,000.

## II. DISCUSSION

Penal Code section 1305 governs bail forfeiture proceedings in criminal cases. After the trial court declares a forfeiture in open court, the clerk must mail notice of forfeiture to the surety and bail agent for bonds exceeding $400. (Pen. Code, § 1305, subd. (b)(1)–(2); all statutory references are to the Penal Code.) The surety has 180 days to either secure the defendant's appearance in court and have the forfeiture set aside, or demonstrate circumstances requiring the trial court to vacate the forfeiture and either toll the appearance period or exonerate the bond. (*Id*., subds. (c)–(g).) The trial court may

3

extend the appearance period for up to 180 days upon a showing of good cause. (§ 1305.4.)

The trial court is required to toll the appearance period during a temporary disability, provided: "(A) The defendant is temporarily disabled by reason of illness, insanity, or detention by military or civil authorities. [¶] (B) Based upon the temporary disability, the defendant is unable to appear in court during the remainder of the 180-day period. [¶ and ] (C) The absence of the defendant is without the connivance of the bail." (§ 1305, subd. (e)(1).) The statute authorizes the trial court, in its discretion, to extend the tolling period for a reasonable time after the temporary disability ends, to allow the defendant to return to the court's jurisdiction. (*Id*., subd. (e)(2).) In the event of a permanent disability preventing the defendant from appearing in court, the trial court must vacate the forfeiture and exonerate the bond. (*Id*., subd. (d).)

The trial court is also required to vacate the forfeiture and exonerate the bond in circumstances where a defendant is beyond the jurisdiction of the state; not in custody; temporarily detained by the bail agent in the presence of a local law enforcement officer; positively identified by that law enforcement officer as the defendant in an affidavit signed under penalty of perjury; and the prosecution elects not to seek extradition after being informed of the defendant's location. (§ 1305, subd. (g).) If the prosecution elects to pursue extradition, the trial court may toll the appearance period where both the bail agent and the prosecution agree that more time is needed to return the defendant to the court's jurisdiction. (*Id*., subd. (h).)

A. **THE CRIMINAL DEFENDANT'S CUSTODIAL RETURN TO MEXICO FOLLOWING REMOVAL PROCEEDINGS WAS A DISABILITY UNDER THE BAIL FORFEITURE STATUTE**

Appellants argue, and the People concede, that the defendant was under a temporary disability when he failed to appear in court in December 2018, and the disability continued throughout the 180-day appearance period following the notice of

4

bail forfeiture.  The People also concede the trial court erred by not tolling the appearance period based on the temporary disability, and they do not oppose a remand to address remedial measures.  The relevant facts are not in dispute.  We therefore exercise our independent review to determine whether the defendant's circumstances constitute a temporary disability under section 1305, subdivision (e).  (*People v. The North River Ins. Co.* (2019) 41 Cal.App.5th 443, 449.)

A criminal defendant is disabled when detained by civil authorities.  (§ 1305, subd. (e)(1)(A).)  Although "detention by civil authorities" does not require that the defendant be in actual physical custody or confined to a prison or jail (*People v. United Bonding Insurance* (1970) 12 Cal.App.3d 349, 352), here the defendant was physically detained by the Department of Homeland Security from November 2018 until he was returned to Mexico in late February 2019 pursuant to an immigration judge's order granting voluntary departure under safeguards.  (*Matter of M-A-S* (B.I.A. 2009) 24 I. & N. Dec. 762, 766 [the practice of detaining a noncitizen until he or she departs is known as " 'voluntary departure with safeguards' "].)

A criminal defendant's "forced deportation" from the United States coupled with federal law barring reentry also constitutes a detention under the bail forfeiture statute. (*People v. American Surety Ins. Co.* (2000) 77 Cal.App.4th 1063, 1066 (*American Surety*).)  In *American Surety*, a convicted drug trafficker who was deported to Mexico was *permanently* disabled under section 1305, subdivision (d) by operation of his deportation and federal law barring his reentry to the United States.  (*American Surety*, at p. 1066.)  The appellate court distinguished cases not resulting in detention, in which the criminal defendants left the United States voluntarily rather than at the hands of federal authorities.  (*Ibid*., citing *County of Los Angeles v. Maga* (1929) 97 Cal.App.688, 691 [bail forfeited where the defendants voluntarily left the United States]; *County of Los Angeles v. Ranger Ins. Co.* (1996) 48 Cal.App.4th 992, 996 [bail not exonerated where the defendant fled to Cuba; risk of flight present when surety posted bond]; see also

5

*People v. North River Ins. Co.*, *supra*, 41 Cal.App.5th 443, 456 [no disability where undocumented immigrant flees country on own volition].) Further, the criminal defendant in *American Surety* had been detained by operation of "nearly … impregnable" federal law which prevented a convicted drug trafficker from lawfully returning to the United States (8 U.S.C. § 1182(a)(2)(A)(i)(II) [an alien convicted of a felony related to a controlled substance is inadmissible]), rendering it impossible for the surety to surrender the defendant without committing a federal crime. (*American Surety*, at pp. 1067–1068.)

*American Surety* applies here. Although the defendant is not a criminal alien facing a permanent bar from the United States, appellants argue (in the first instance to this court) that the defendant faces a 10-year bar to reentry as an alien who has departed or been removed from the United States after being present for a year or more. (8 U.S.C. § 1182(a)(9)(B)(i)(II) [an alien who "has been unlawfully present in the United States for one year or more, and who again seeks admission within 10 years of the date of such alien's departure or removal from the United States" is inadmissible].) Because the defendant was rendered disabled by operation of removal proceedings resulting in his departure from the United States under the custodial safeguards of federal agents, coupled with federal law barring his reentry to the United States, the trial court erred under *American Surety* by not tolling the appearance period during the period of disability.

### B. APPELLANTS ARE NOT ENTITLED TO IMMEDIATE EXONERATION OF THE BOND

Appellants argue that the prosecutor's actions require immediate exoneration of the bond. In their view, the prosecutor misled the trial court by not acknowledging that the defendant's departure, although voluntary, was under federal safeguards and thus constituted a detention by civil authorities. Appellants assert the prosecutor's conduct has resulted in delaying further investigation of the defendant in Mexico since the July 2019 hearing on the motion to toll the time to return him to court. Appellants also

contend their right to due process was violated because the People's "unanticipated dispute" regarding the existence of a disability was not expressed until the hearing, depriving the bail agent of sufficient opportunity to respond.

We see no impropriety or due process violation on this record. The prosecutor accurately noted that the defendant returned to Mexico under a grant of voluntary departure. To the extent neither she nor the trial court appreciated the import of the circumstances under which the defendant left the country, it was incumbent on appellants' counsel to clarify the law. The points and authorities in support of the tolling motion fell short of that task. Counsel cited *American Surety* for the proposition that "[a] defendant's 'forced deportation and the federal statutes barring his reentry "detain" him, by operation of United States law.' " But counsel did not explain why the defendant's voluntary return to Mexico "under safeguards" should properly be viewed as a forced deportation. Nor did counsel identify the federal law restricting the defendant's reentry to the United States, the duration of the resulting disability, or a reasonable tolling period under the circumstances. Counsel did not explain what could be achieved by the alternative request to extend time, nor why the four plus months that had passed since the defendant's return to Mexico had been inadequate. Further, counsel specially appearing for the bail agent did not object to the prosecutor's proffer, and in fact agreed with the trial court that the defendant was living in Guadalajara free from disability. (See *Monarch Healthcare v. Superior Court* (2000) 78 Cal.App.4th 1282, 1286 [due process argument related to " 'issue which was not proposed or briefed by any other party to the proceeding' " forfeited by failing to request a continuance or move for reconsideration in the trial court].) Nor did appellants seek relief from the judgment based on mistake or surprise. (Code Civ. Proc., § 473, subd. (b).)

7

### C. THE TRIAL COURT MUST DETERMINE THE DURATION OF THE DISABILITY ON REMAND

Citing *People v. Wilcox* (1960) 53 Cal.2d 651 and *People v. United Bonding Insurance* (1970) 12 Cal.App.3d 349, appellants argue that liability on the bail bond should be suspended until the defendant is able to appear in court voluntarily. But neither of those cases involved a criminal defendant disabled from appearing in court, potentially for years, by operation of federal immigration law. Instead, we will direct the trial court on remand to determine the duration of the defendant's disability. For guidance, we refer the parties and the trial court to *County of Los Angeles v. Financial Casualty & Surety, Inc.* (2015) 236 Cal.App.4th 37 (*Financial Casualty*), where the matter was remanded to determine whether a deported criminal alien's minimum 10-year reentry bar constituted a permanent disability under section 1305, subdivision (d). (*Financial Casualty*, at p. 45.)

The *Financial Casualty* court held that a criminal defendant is " 'permanently unable to appear' [under § 1305, subd. (d)(1)] if he or she cannot be surrendered to the court or custody during the time within which it is reasonably probable for a criminal trial to proceed" (*Financial Casualty*, *supra*, 236 Cal.App.4th at p. 45), and it adopted the following test to make that determination: The surety must show "(1) a deportation, (2) the period of time the [defendant] is deemed inadmissible under federal law, and (3) that the period of inadmissibility would render prosecution improbable based on the totality of the circumstances, including the statute of limitations. If the surety satisfies its burden, a governmental entity can defeat a finding of permanent disability by showing (a) that there is a reasonably achievable administrative remedy that the surety failed to pursue in order to secure the [defendant's] presence in the trial court, or (b) the [defendant] is subject to extradition in the country to which he or she was deported, it is reasonably probable that the prosecuting agency would have pursued and obtained the [defendant's] extradition if he or she had been located by the surety, and the [defendant] could have been prosecuted after being extradited." (*Id.* at p. 47, fn. omitted; see also

8

*County of Orange v. Ranger Ins. Co*. (1998) 61 Cal.App.4th 795, 803–804 [discussing impediments to Mexico extraditing its citizens to the United States].)

### III.  DISPOSITION

The judgment is reversed.  The matter is remanded with directions to the trial court to vacate the summary judgment, set aside the forfeiture, and reinstate the bond. The trial court shall determine on remand whether the defendant's disability is temporary or permanent.  If the disability is permanent, the trial court shall exonerate the bond. (§ 1305, subd. (d).)  If the disability is temporary, the trial court shall toll the 180-day appearance period until the disability concludes, and for a reasonable time thereafter to allow for the defendant's return to the jurisdiction of the court.  (*Id*., subd. (e)(1), (2).) The parties shall bear their own costs on appeal.

_____

Grover, J.

**WE CONCUR:**

_____

Greenwood, P. J.

_____

Lie, J.

H047426 - *The People v. The North River Ins. Co. et al.*

| | |
|---|---|
| Trial Court: | Santa Clara County Superior Court<br>Superior Court No. C1804484 |
| Trial Judge: | Hon. Drew C. Takaichi |
| Plaintiff and Respondent THE PEOPLE | Christopher A. Capozzi<br>Office of the County Counsel<br>County of Santa Clara |
| Defendants and Appellant THE NORTH RIVER INSURANCE COMPANY | Jefferson Thomas Stamp<br>Bad Boys Bail Bonds |
| Real Party in Interest and Appellant BAD BOYS BAIL BONDS | Jefferson Thomas Stamp<br>Bad Boys Bail Bonds |