DANNER, J.
*546 Bankers Insurance Company (Bankers) appeals from an order denying its motion to set aside forfeiture of a bail bond and to exonerate bail. Bankers contends that the trial court lost jurisdiction over the bond pursuant to Penal Code section 1305, subdivision (b)[1] when the trial court in open court forfeited a bail bond but reinstated it five minutes later and did not send a notice of forfeiture to the surety.
We conclude that, under these circumstances, the trial court retained jurisdiction over the bail bond.
I. FACTS AND PROCEDURAL BACKGROUND
On June 3, 2016,[2] Le Bail Bonds, an agent of Bankers, posted a $25,000 bail bond for the defendant whose bail bond is at issue here for a number of misdemeanor charges. On June 22, the defendant appeared with his attorney before the trial court, and the trial court gave him a court date of July 19, at 1:30 p.m.
On July 19, during the afternoon session, the trial court stated on the record "let the record reflect that [defense counsel] just walked in at 3:40. He indicates that he called, and he didn't leave his name. So we didn't know who it was that called. He said he would be here in a while, 45 minutes. As a result, five minutes ago, I issued warrants on four matters that were all [defense counsel]'s. [¶] Now that [defense counsel] has appeared, in each of these matters, starting with line 7, the bench warrant issued is recalled. [¶] As to line item 14, the bail forfeiture is set aside. The bench warrant is recalled. The bond is reinstated since we never sent notice out-(inaudible)-no fault of the defendant's and no costs."
*545 The box on the minute order for "Bail Forfeited" appears to have been checked and then crossed out. There are no notations on the minute order *547 suggesting that the order was corrected at a later date, and the parties assume (as do we) that the courtroom clerk crossed out the bail forfeiture notation before the afternoon court session had terminated. The minute order also indicates that, on July 19, the trial court gave the defendant a new court date and did not order a bench warrant for the defendant.
On October 25, neither the defendant nor his attorney appeared for a court date. The trial court forfeited the bail bond, and the clerk mailed a notice of bail forfeiture the following day.
On May 26, 2017, Bankers filed a motion to vacate the bond forfeiture and exonerate the bail bond based on the clerk's failure to mail a notice of bail bond forfeiture following the July 19 hearing. The People opposed the motion. On December 20, 2017, the trial court held a hearing on Bankers's motion. After reviewing the legal authorities cited by Bankers, the trial court stated, "if [the forfeiture] is within the same session, the court has the power to take it back, take the forfeiture back." The trial court reasoned that "the forfeiture and the bench warrant and failure to appear are not effective at the moment of the judge saying it out loud but at the end of the session." The trial court concluded that it did not lose jurisdiction over the bond when the clerk did not mail a notice of forfeiture based on the proceedings at the July 19 court date, and it denied Bankers's motion to vacate the forfeiture. The trial court later entered judgment against Bankers, and Bankers timely appealed.
II. DISCUSSION
Bankers argues that the judgment should be reversed because it was released of its obligations under the bond when the trial court did not mail Bankers notice of the July 19 forfeiture that the trial court "declared in open court."
A. Standard of Review
While a reviewing court ordinarily assesses the trial court's denial of a motion to vacate an order of forfeiture under an abuse of discretion standard ( People v. Financial Casualty & Surety, Inc. (2017) 14 Cal.App.5th 127, 134, 222 Cal.Rptr.3d 180 ( Financial Casualty )), here the "evidence before the appellate court is not in dispute" and we therefore employ de novo review. ( People v. Amwest Surety Ins. Co. (1997) 56 Cal.App.4th 915, 919, 66 Cal.Rptr.2d 29 ( Amwest Surety ).) The party challenging the order carries the burden of establishing error. ( Financial Casualty , at p. 134, 222 Cal.Rptr.3d 180.)
B. General Principles
Under section 1305, subdivision (a)(1), "[w]hen a defendant facing criminal charges is released on bail and fails to appear as ordered or as *548 otherwise required and does not have a sufficient excuse, a trial court must declare the bail bond forfeited."[3] ( People v. Safety National Casualty Corp. (2016) 62 Cal.4th 703, 707, 199 Cal.Rptr.3d 272, 366 P.3d 57.) Section 1305, subdivision (b)(1) requires, *546 "If the amount of the bond or money or property deposited exceeds four hundred dollars ($400), the clerk of the court shall, within 30 days of the forfeiture, mail notice of the forfeiture to the surety." This "notice must be sent both to the surety and to the bail agent." ( People v. Ranger Ins. Co. (1996) 51 Cal.App.4th 1379, 1385, 59 Cal.Rptr.2d 777 ( Ranger ). If the clerk fails to mail the notice of forfeiture "in accordance with [ section 1305 ] within 30 days after the entry of the forfeiture," then "[t]he surety or depositor shall be released of all obligations under the bond.") ( § 1305, subd. (b)(3).)
Section 1305 is "subject to precise and strict construction" ( Amwest Surety , supra , 56 Cal.App.4th at p. 921, 66 Cal.Rptr.2d 29, internal quotation marks omitted), and a trial court must "carefully follow [the statute] or its acts may be found to be without, or in excess of, its jurisdiction." ( Financial Casualty, supra , 14 Cal.App.5th at p. 133, 222 Cal.Rptr.3d 180.)
C. Analysis
The question posed here is whether the clerk's duty to mail the notice of forfeiture was triggered by the trial court's initial forfeiture of the bail bond even though the trial court reinstated the bail bond during the same court session. In arguing that the clerk was obligated to do so but did not, thereby absolving Bankers of its obligations under the bond, Bankers relies primarily on County of Los Angeles v. Financial Casualty & Surety, Inc. (2016) 247 Cal.App.4th 875, 883, 202 Cal.Rptr.3d 380 ( County of Los Angeles ). In that case, the court found that a trial court's forfeiture of a bail bond at a morning court session at which the defendant failed to appear triggered section 1305, subdivision (b)'s mailing requirement of the notice of forfeiture, even though the defendant appeared in court that afternoon explaining that he had had a doctor's appointment in the morning, the court telephoned the bond agent (presumably to give notice of the defendant's failure to appear that morning and to see whether it should reinstate the bond), and then set aside the forfeiture. ( Id. at pp. 877-878, 202 Cal.Rptr.3d 380.)
The Court of Appeal in County of Los Angeles stated, "In our view, the language of section 1305, subdivision (b) is inescapable. The triggering event *549 for the notice requirement is a trial court's declaration of forfeiture in open court. Consequently, once a forfeiture is declared in open court, the clerk must mail notice to the surety and bond agent within 30 days or the trial court loses jurisdiction over the bond. It is no longer true that the entry of the forfeiture in the minutes is the event that obligates a clerk to send notice, as was true when Wilshire , Amwest and Surety Insurance were decided. Thus, because the trial court did not mail notice after the first forfeiture was declared in open court, it lost jurisdiction over the bond." ( County of Los Angeles , supra , 247 Cal.App.4th at p. 883, 202 Cal.Rptr.3d 380.) The court did not find the actual notice provided to the bond agent sufficient to excuse the clerk's failure to send the notice because there was no evidence that the court (or the bond agent) provided actual notice to the surety. ( Id. at p. 883, 202 Cal.Rptr.3d 380 ; § 1305, subd. (b)(1).)
Bankers seizes on the statement in County of Los Angeles "once a forfeiture is declared in open court, the clerk must mail notice to the surety and bond agent within 30 days or the trial court loses jurisdiction over the bond," ( County of Los Angeles , supra , 247 Cal.App.4th at p. 883, 202 Cal.Rptr.3d 380 ), and asserts that, as soon as the trial court in open court states that the *547 bail bond is forfeited, then the clerk must mail a notice of forfeiture in every case.
Bankers does not challenge the trial court's reinstatement of the bail bond here. Instead, Bankers argues that once a trial court declares in open court that the bail bond is forfeited, the clerk must always mail a notice of forfeiture to the surety even if the trial court properly reinstates the bail bond within that same court session. Although the defendant's court appearance would have started and ended with the bail bond in place, the clerk must still (according to Bankers) mail a notice of forfeiture because the bail bond was forfeited in open court and remained in forfeited status for a few minutes.
We recognize that section 1305 must be read strictly, and reviewing courts interpreting the provision have given trial courts little latitude to deviate from its requirements. (See, e.g., People v. Wilshire Ins. Co. (1975) 46 Cal.App.3d 216, 220-221, 119 Cal.Rptr. 917 ; County of Orange v. Lexington Nat. Ins. Corp. (2006) 140 Cal.App.4th 1488, 1495-1496, 45 Cal.Rptr.3d 543 ( County of Orange ).) In this case, however, Bankers's interpretation goes too far.
Bankers cites to no case stating that, within a single court session, a court cannot correct the erroneous forfeiture of a bail bond without also mailing a notice of forfeiture. Bankers's proposed rule would prevent a trial court from correcting any mistake it might have made when forfeiting a bail bond without providing the surety notice of the now-corrected forfeiture. For example, a trial court might erroneously forfeit a bail bond in a case in which a defendant (or defense counsel, in a misdemeanor case) is present in court *550 but outside in the hallway when a case is called. When the defendant and counsel reenter the courtroom, even if the trial court immediately corrects its own erroneous forfeiture, the trial court must mail a notice of forfeiture to the surety and bail agent.
We do not believe that the legislature intended to render courts powerless in a single court session to correct forfeitures erroneously declared without also mailing notices of forfeiture. "Although it is often said that section 1305 must be strictly construed 'in favor of the surety' [citation], the gravamen of the rule is that the forfeiture statutes are to be strictly construed to avoid forfeiture." ( People v. Indiana Lumbermens Mutual Ins. Co. (2011) 194 Cal.App.4th 45, 51, 123 Cal.Rptr.3d 184, italics omitted.) We have declined to interpret section 1305 in a way that "would result in an absurdity." ( Ranger , supra , 51 Cal.App.4th at pp. 1384-1385, 59 Cal.Rptr.2d 777.) Bankers's proposed rule constitutes such an absurdity.
"Notice pursuant to section 1305 enables the surety to decide whether to continue to risk funds on a defendant who has failed to appear." ( County of Orange , supra , 140 Cal.App.4th at p. 1494, 45 Cal.Rptr.3d 543.) Having received a notice of forfeiture informing it of the defendant's failure to appear, a surety can decide whether to surrender the defendant, thus obtaining exoneration of bail as a matter of right, or continue with the bond. ( Ibid. ) The logical corollary of this scheme is that, if the defendant in fact appears and the trial court does not forfeit the bail bond, the clerk need not-and should not-mail a notice of forfeiture.
The trial court initially forfeited the bail bond on July 16 because neither defendant nor his counsel was present, and the trial court was not informed that defense counsel had called saying he would be late. When defense counsel appeared five minutes after the trial court forfeited the bail bond, the trial court concluded that defendant *548 had in fact appeared through counsel and therefore the bail bond should not be forfeited. (See § 977, subd. (a)(1).) Bankers does not challenge the trial court's conclusion that the defendant in fact appeared as required on July 16. Had Bankers been mailed a notice of forfeiture, the only facts the surety would have learned in any subsequent investigation were that defense counsel had organizational challenges, and the courtroom clerk could not hear his name on the phone. As the facts of this case illustrate, requiring trial courts to mail a notice of forfeiture for an entry of forfeiture that the trial court corrects during a single court session would do nothing to further the purposes of section 1305.
The legislative history of section 1305 does not counsel a different result. The Court of Appeal in County of Los Angeles , supra , 247 Cal.App.4th 875, 202 Cal.Rptr.3d 380, summarized the statute's history. Before it was amended in 1998, section 1305 *551 provided essentially that a bond forfeiture became effective when entered in the clerk's permanent minutes. The date of the entry would then trigger the clerk's duty under section 1305(b) to notify the surety of the forfeiture within 30 days. The 1998 amendment clarified that a bail forfeiture is declared in open court. The court proceeding (rather than the later entry of the memorializing order) thereby became the event that begins the 30-day period for notice to the surety. The legislative history suggests that the Legislature's purpose with the 1998 amendment was to provide clarity, uniformity, and promptness in notifying the surety of a forfeiture.
The significance of the 1998 amendment (whose provisions are still reflected in the current version of section 1305 ) is not the particular declaration by the court, but rather the fact that it is made in open court. In other words, if there is a forfeiture, it occurs in court and the 30-day window for notice to the surety is triggered as of that date rather than on some variable (and perhaps much later) date when the minute order is prepared and entered. But by shifting the trigger to the court's declaration of forfeiture, we do not believe the Legislature intended to create an event or utterance which the court itself would be powerless to revisit or modify in response to facts immediately before it.
In favor of its proposed rule, Bankers urges the legislative purpose of clarity for court administrators. In our view, however, Bankers's proposed rule increases confusion at clarity's expense. Under Bankers's reading of section 1305, the court clerk would be required to mail a notice of forfeiture even if the minute order clearly indicated that the bail bond had not been forfeited. Bankers's rule would require the courtroom clerk to record in the minutes that the trial court first forfeited then reinstated the bail bond during the session, and a notice of forfeiture would have to be mailed even though the bond was in place at the beginning and at the end of the court appearance.
Clearly, a line must be drawn. The court in County of Los Angeles reaffirmed the rule that, once the court session has concluded, if the trial court has forfeited the bond in open court, then it may not later reinstate the bond (except, perhaps, with actual notice to the surety and bail agent), even later that day. ( County of Los Angeles , supra , 247 Cal.App.4th at p. 883, 202 Cal.Rptr.3d 380.) This failure to appear during a single court session-even if rectified within a few hours-triggers section 1305's twin requirements that the trial court declare the bail bond forfeited and the clerk mail a notice of forfeiture. Nothing we say here undercuts that holding. Nevertheless, the Legislature's desire for clarity and timeliness reflected in the 1998 *549 amendment to section 1305 is achieved when the statute is interpreted to allow a trial court to correct a finding of forfeiture, just as it is allowed to correct other matters brought to its attention, during the course of a calendar session. *552 For these reasons, the trial court did not lose jurisdiction over the bail bond when it failed to mail a notice of forfeiture to the surety and bail agent following the July 19 court appearance.
III. DISPOSITION
The order denying Bankers's motion to vacate the forfeiture and exonerate the bond and the trial court's entry of judgment on the bond are affirmed. The People shall recover their costs on appeal. ( Cal. Rules of Court, rule 8.278.)
I CONCUR:
GROVER, J.

All further unspecified references are to the Penal Code.

Unless otherwise stated, all dates referenced in this section occurred in 2016.

Section 1305, subdivision (a)(1) states: "A court shall in open court declare forfeited the undertaking of bail or the money or property deposited as bail if, without sufficient excuse, a defendant fails to appear for any of the following: [¶] (A) Arraignment. [¶] (B) Trial. [¶] (C) Judgment. [¶] (D) Any other occasion prior to the pronouncement of judgment if the defendant's presence in court is lawfully required. [¶] (E) To surrender himself or herself in execution of the judgment after appeal."