Filed 7/28/21  P. v. American Contractors Indemnity CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>AMERICAN CONTRACTORS INDEMNITY,<br><br>  Defendant and Appellant. | 2d Civil No. B309120<br>(Super. Ct. No. 18CR05415)<br>(Santa Barbara County) |

American Contractors Indemnity (ACI) appeals from an order denying its motion to vacate forfeiture and exonerate bail. ACI argues the trial court lost jurisdiction over the bail bond when it did not give prior notice of reinstatement when it reinstated bail (Pen. Code, [1] § 1305, subd. (c)(4)).  The County of Santa Barbara (the County) concedes.  We agree and reverse.

---

[1] Further unspecified statutory references are to the Penal Code.

## FACTUAL AND PROCEDURAL HISTORY

In June 2018 ACI, through its agent Goleta Fast Response Bail Bonds, posted a $30,000 bond (A31-0003922) for the release from custody of Mario Borruel-Sandoval (Defendant). The court ordered Defendant to appear in court on June 29 for a preliminary hearing. He did not, and the court ordered bail forfeited.

In July 2018, Defendant appeared in court. The court vacated forfeiture and reinstated bail. However, in its written order, the court listed the surety as Seneca Insurance Company and the bail agent as Angels Bail Bonds. The order states: "The forfeiture of Bail Bond filed herein on behalf of [Defendant] having been set aside by the . . . Court, Seneca Insurance Company Inc[.], the surety thereon, does hereby reassume all of its obligations there under." The order did not mention ACI or Goleta Fast Response Bail Bonds.

In March 2020, Defendant again failed to appear in court. The court again ordered bail forfeited. The clerk of the court issued a notice of forfeiture to ACI.

In September 2020, ACI filed a motion to vacate forfeiture and exonerate bail or, in the alternative, extend time. The court denied the motion.

## DISCUSSION

ACI contends, and the County concedes, that the trial court erred in denying the motion to vacate forfeiture. We agree.

Section 1305, subdivision (c), provides that when a defendant reappears in court within 180 days of the date of bail forfeiture, the court on its own motion shall direct the order of forfeiture to be vacated and the bond exonerated. (§ 1305, subd. (c)(1).) However, "[i]n lieu of exonerating the bond, the court may order the bail reinstated and the defendant released on the same

2

bond if *both* of the following conditions are met: [¶] (A) *The bail is given prior notice of the reinstatement.* [¶] (B) The bail has not surrendered the defendant." (§ 1305, subd. (c)(4), italics added.)

"Failure to give the surety notice is a jurisdictional defect." (*County of Madera v. Ranger Ins. Co.* (1991) 230 Cal.App.3d 271, 279 (*County of Madera*).) "An order that the surety reassumes its obligations under the bond must name the right surety or it is ineffective." (*People v. Ranger Ins. Co.* (1996) 51 Cal.App.4th 1379, 1385.) A court's failure to follow a "'strict statutory direction designed for the surety's protection exonerate[s] the surety. The court thereafter lack[s] jurisdiction either to forfeit the bail or to enter a summary judgment [against the surety].' [Citations.]" (*County of Madera, supra*, at p. 279.)

Here, the record reflects the court named the wrong surety in its order reinstating the bail bond. Nothing in the record shows that it provided notice of reinstatement to ACI or its agent. Therefore, the court lacked jurisdiction to forfeit bail. The forfeiture order must be vacated. (*County of Madera, supra*, 230 Cal.App.3d at p. 279.)

## DISPOSITION

The order (denying the motion to vacate) is reversed. On remand, we direct the court to enter an order to vacate the bail forfeiture and exonerate bail. ACI shall recover its costs on appeal.

<u>NOT TO BE PUBLISHED.</u>

TANGEMAN, J.

We concur:

GILBERT, P. J.          PERREN, J.

3

Von Deroian, Judge

Superior Court County of Santa Barbara

_____

Law Office of John Rorabaugh, John Mark Rorabaugh and Crystal L. Rorabaugh for Defendant and Appellant.

Michael C. Ghizzoni, County Counsel, Maria Salida Novatt, Deputy County Counsel, for Plaintiff and Respondent.