Filed 11/7/23  P. v. United States Fire Insurance Company CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H050369 |
| | (Santa Clara County |
| Plaintiff and Respondent, | Super. Ct. No. B2002217) |
| v. | |
| UNITED STATES FIRE INSURANCE COMPANY, | |
| Defendant and Appellant. | |

United States Fire Insurance Company (U.S. Fire) appeals from the trial court's order denying its motion to vacate forfeiture of a bail bond and the summary judgment subsequently entered against it.  U.S. Fire argues that the trial court did not have jurisdiction to declare a forfeiture at a May 11, 2021[1] hearing because it did not declare a forfeiture at a hearing on February 24 when the on-bail defendant, John Alexander Kenyanjui, failed to appear.

As detailed below, we conclude that the trial court did not abuse its discretion in concluding that Kenyanjui's appearance was excused at the February 24 hearing and thus the trial court retained jurisdiction to declare a forfeiture when he subsequently failed to appear at the May 11 hearing.  We will therefore affirm the order and judgment.

---

[1] Unless otherwise specified, all dates are from the year 2021.

# I.     FACTUAL AND PROCEDURAL BACKGROUND

On or about February 10, after Kenyanjui was charged with six felonies, U.S. Fire, through its agent Aardwolf Bail Bonds, posted a $250,000 bail bond for Kenyanjui's release from custody.  The trial court ordered Kenyanjui to appear at his arraignment on February 24.

On February 24, Kenyanjui was not present in court, but the public defender stated he was "appear[ing] [Penal Code section] 977"[2] and requested appointment.  The public defender informed the court that he was in touch with Kenyanjui who was "getting into a program[] . . . [and was] taking care of his matters in other [c]ounties."  The public defender requested that his office be appointed to represent Kenyanjui and sought a future plea date.  At the public defender's request, the trial court continued the matter to May 11 for entry of plea.  When the trial court subsequently asked if the public defender had "recent and good contact" with Kenyanjui, the public defender replied, "Yes, Your Honor, as of today."  The public defender stated, "I will let [Kenyanjui] know, and we will go from there."

On May 11, Kenyanjui failed to appear and the trial court ordered forfeiture of bail.  The clerk mailed notice of forfeiture to U.S. Fire on May 20.  After obtaining an extension of time, U.S. Fire moved to vacate forfeiture in June 2022.  Following a hearing, the court denied the motion to vacate forfeiture in a written order dated July 21, 2022.  In that order, the trial court noted that Kenyanjui failed to appear at his arraignment on February 24 as required by section 977.  However, under "Emergency Rule 5" defense counsel could, with their client's consent, "appear on behalf of their felony defendant clients at arraignment."  Having reviewed the transcript of the February 24 arraignment, the trial court concluded that there was "implicit consent by [Kenyanjui] for defense counsel to appear on his behalf[] [¶] [and] [t]herefore, the Court finds

---

[2] Unspecified statutory references are to the Penal Code.

[Kenyanjui] was not lawfully required to appear at the February 24 arraignment." Alternatively, the trial court found "that there was a sufficient excuse (e.g., [Kenyanjui] was getting ready to enter some kind of treatment program) such that [the arraigning judge] did not need to forfeit bail on February 24."

The trial court entered judgment on August 1, 2022.

U.S. Fire timely appealed.

## II.    DISCUSSION

### A. Standard of review

A surety bears the burden of establishing that a bail forfeiture should be set aside. (*People v. Am. Sur. Ins. Co.* (2001) 88 Cal.App.4th 762, 768; see *People v. International Fidelity Ins. Co.* (2017) 11 Cal.App.5th 456, 461 ["The surety has the burden of showing, with competent evidence, that a forfeiture of its bail should be set aside."].)

We review the denial of a motion to set aside a bail forfeiture under an abuse of discretion standard.[3] (*People v. Lexington National Ins. Co.* (2016) 1 Cal.App.5th 1144, 1147.) " ' "[T]he abuse of discretion standard is not a unified standard; the deference it calls for varies according to the aspect of a trial court's ruling under review. The trial court's findings of fact are reviewed for substantial evidence, its conclusions of law are reviewed de novo, and its application of the law to the facts is reversible only if arbitrary and capricious." ' " (*County of Yolo v. American Surety Co.* (2019) 43 Cal.App.5th 520, 524.) "The party challenging the order carries the burden of establishing error." (*People v. Bankers Ins. Co.* (2019) 36 Cal.App.5th 543, 547.)

---

[3] U.S. Fire argues that the proper standard of review is de novo because there are "no factual disputes and the issue is purely legal in nature." We disagree. U.S. Fire contends that the record does not show that Kenyanjui consented to have the public defender appear on his behalf on February 24 or that there was a sufficient excuse for Kenyanjui's absence on that date. By taking issue with the trial court's contrary findings on those matters, U.S. Fire implicitly admits that there are factual disputes to resolve in this appeal.

### B. General principles

"The forfeiture of bail and related proceedings are a matter of statutory procedure governed by sections 1305 through 1308." (*People v. Safety National Casualty Corp.* (2016) 62 Cal.4th 703, 709.)

Section 1305, subdivision (a)(1) provides in pertinent part: "A court shall in open court declare forfeited the undertaking of bail or the money or property deposited as bail if, without sufficient excuse, a defendant fails to appear for any of the following: [¶] (A) Arraignment. [¶] (B) Trial. [¶] (C) Judgment. [¶] (D) Any other occasion prior to the pronouncement of judgment if the defendant's presence in court is lawfully required. [¶] (E) To surrender himself or herself in execution of the judgment after appeal." In order to declare a forfeiture of bail therefore, two conditions must be met: One, the defendant must fail to appear at one of the proceedings enumerated in the statute or where his or her presence is "lawfully required[;]" and two, the defendant's nonappearance must be "without sufficient excuse." (*Ibid.*) If the court "fails to declare a forfeiture at the time of the defendant's unexcused absence, it is without jurisdiction to do so later." (*People v. Bankers Ins. Co.* (2020) 57 Cal.App.5th 418, 423 (*Bankers Ins. Co.*).)

However, the trial court may continue a case for a reasonable period without ordering a forfeiture of bail, if it "has reason to believe that sufficient excuse may exist" for the defendant's failure to appear. (§ 1305.1; *Bankers Ins. Co.*, *supra*, 57 Cal.App.5th at p. 423.) "The factual basis for the sufficient excuse finding must appear somewhere in the trial court record—in the minutes or in the reporter's transcript." (*People v. Bankers Ins. Co.* (2021) 69 Cal.App.5th 473, 478.) In most cases, the evidence or justification for defendant's failure to appear is provided by defense counsel, and courts " 'cooperate[] with defense counsels' requests and [] liberally rel[y] on their representations.' " (*Id.* at p. 479.) "Even vague representations by counsel have been found sufficient—i.e., where a defendant had never previously failed to appear and defense counsel was ' "concerned something has happened." ' " (*Id.* at p. 480.) "However, where the record is 'silent'

4

regarding whether there may be sufficient excuse, the trial court is obligated to declare a forfeiture." (*Ibid*.) "Because each case presents its own unique set of circumstances the issue whether the showing of excuse is sufficient is decided on a case-by-case basis.[] The determination whether an excuse is sufficient is a matter within the trial court's discretion." (*People v. Ranger Ins. Co.* (2003) 108 Cal.App.4th 945, 952, fns. omitted.)

Section 977, subdivision (b)(1), while not directly addressing the issue of bail forfeiture, is relevant to bail proceedings in that it lists specific proceedings at which a criminal defendant's physical presence is required. At the time of Kenyanjui's hearings in this case, the statute provided in relevant part that "the accused shall be personally present at the arraignment, at the time of plea, during the preliminary hearing, during those portions of the trial when evidence is taken before the trier of fact, and at the time of the imposition of sentence. The accused shall be personally present at all other proceedings unless [they] shall, with leave of court, execute in open court, a written waiver of [their] right to be personally present." (Former § 977, subd. (b)(1).)[4] Application of section 977 in this case, however, was temporarily superseded by Emergency Rule 5, promulgated on April 6, 2020, in response to the then-ongoing COVID-19 pandemic. Emergency Rule 5 allowed criminal defendants to waive their personal appearances and permitted counsel to appear on their behalf, notwithstanding any other laws, including section 977. (See Emergency Rule 5.)

Emergency Rule 5(b)(2) provided, in relevant part: "With the consent of the defendant, the court must allow a defendant to waive his or her appearance and permit counsel to appear on his or her behalf. The court must accept a defendant's waiver of appearance or personal appearance when: [¶] (A) Counsel for the defendant makes an on-the-record oral representation that counsel has fully discussed the waiver and its

---

[4] Section 977 was subsequently amended in 2021 (Stats. 2021, ch. 196, § 1, eff. Jan. 1, 2022), 2022 (Stats. 2022, ch. 57, § 12, eff. June 30, 2022), and 2023 (Stats. 2023, ch. 190, § 3, eff. Sept. 13, 2023).

implications with the defendant and the defendant has authorized counsel to proceed as counsel represents to the court; [¶] (B) Electronic communication from the defendant as confirmed by defendant's counsel; [¶] or (C) Any other means that ensures the validity of the defendant's waiver." Under Emergency Rule 5(c)(3) the court is required to "accept defense counsel's representation that the defendant understands and agrees with waiving any right to appear unless the court has specific concerns in a particular matter about the validity of the waiver."

### C. Analysis

#### 1. Substantial evidence supports finding of consent to appear

U.S. Fire argues that defense counsel's representations at the February 24 hearing were insufficient to invoke the application of Emergency Rule 5 as counsel never expressly represented that Kenyanjui had authorized the public defender to appear on his behalf. We disagree.

At the outset of the February 24 hearing, the trial court called Kenyanjui's case and the public defender immediately informed the court that Kenyanjui, who was out on bail, was not present, but that he (i.e., the public defender) was "appear[ing] 977." The public defender requested appointment to represent Kenyanjui and asked the court to set a new hearing date "for [entry of a] plea." The public defender confirmed he had "recent and good contact" with Kenyanjui "as of today [i.e. February 24]" and would inform Kenyanjui of the May 11 date for entry of plea.

On this record, there is substantial evidence to support the trial court's finding that Kenyanjui authorized the public defender to appear on his behalf. Emergency Rule 5 mandates no specific language to be used in invoking its application; rather it expressly directs the trial court to "accept defense counsel's representation that the defendant understands and agrees with waiving any right to appear *unless the court has specific concerns in a particular matter about the validity of the waiver*." (Emergency Rule 5(c)(3), italics added.) In this case, the public defender represented that he was in contact

6

with Kenyanjui, as recently as that day, thereby impliedly "ensur[ing] the validity of [Kenyanjui]'s waiver."  (Emergency Rule 5(b)(2)(C).)

### 2. Substantial evidence supports finding of sufficient excuse for nonappearance

U.S. Fire further contends that defense counsel's representations that Kenyanjui was "getting into a program" and "taking care of [] matters in other [c]ounties" were not sufficient to excuse Kenyanjui's appearance.  Again, we disagree.

Based on the record, it is clear that the trial court had "reason to believe that sufficient excuse may exist" for Kenyanjui's failure to appear.  (§ 1305.1; *Bankers Ins. Co.*, *supra*, 57 Cal.App.5th at p. 423.)  The trial court was entitled to rely on the public defender's representations as to the reason(s) for Kenyanjui's absence.  Contrary to U.S. Fire's contention that the record is "silent" as to why Kenyanjui did not appear on February 24, there is substantial evidence in the record to support the trial court's finding that a sufficient excuse for Kenyanjui's absence may exist.

Based on the application of Emergency Rule 5, the trial court did not abuse its discretion in denying the motion to vacate forfeiture or in entering judgment on the bond.

### III.   DISPOSITION

The order denying U.S. Fire's motion to vacate the forfeiture and exonerate the bond and the trial court's entry of judgment on the bond are affirmed.  The People shall recover their costs on appeal.  (Cal. Rules of Court, rule 8.278.)

_____

Wilson, J.

WE CONCUR:


_____

Bamattre-Manoukian, Acting P.J.




_____

Danner, J.




People v. United States Fire Insurance Co.
H050369